UNITED STATES of America

v.

Martin SALINAS–ARMENDARIZ, Defendant.

No. EP–07–CR–048–PRM.

United States District Court, W.D. Texas, El Paso Division.

April 16, 2007.

Rita Rodriguez, Federal Public Defender, El Paso, TX, for Defendant.

Kristal Melisa Wade, U.S. Attorney's Office, El Paso, TX, for United States of America.

### MEMORANDUM OPINION REGARDING DEFENDANT'S OBJECTION TO EIGHT–LEVEL INCREASE FOR PRIOR CONVICTION

MARTINEZ, District Judge.

On this day, the Court considered Defendant Martin Salinas–Armendariz's objection to the Presentence Investigation Report's ("PSR") recommendation of an eight-level upward adjustment for his prior conviction for menacing in Colorado. The PSR characterizes Defendant's prior conviction as an "aggravated felony," qualifying Defendant for an eight-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(C). Defendant argues that the conviction is merely a felony, warranting only a four-level increase under U.S.S.G. § 2L1.2(b)(1)(D). The Court has considered the parties' briefing and the oral arguments presented to the Court at the sentencing hearings on April 2, 2007, and April 3, 2007. After due consideration, the Court agrees that Defendant's prior conviction for menacing does not constitute an aggravated felony. However, the Court determines that Defendant's prior conviction for second degree aggravated car theft in Colorado is an aggravated felony. Therefore, the Court is of the opinion that Defendant's objection should be denied for the reasons set forth below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On January 10, 2007, Defendant was charged in a single-count indictment with illegal re-entry into the United States in violation of 8 U.S.C. § 1326. On the same day, the Government filed a notice of intent to seek an increased statutory penalty, pursuant to 8 U.S.C. § 1326(b)(1). On January 29, 2007, Defendant pled guilty to the indictment.

The PSR assigned Defendant a base offense level of eight, pursuant to U.S.S.G. § 2L1.2(a). The PSR recommended an eight-level upward adjustment, pursuant to § 2L1.2(b)(1)(C), on the grounds that Defendant had been convicted for the offense of menacing prior to his previous removal from the United States. Defendant previously pled guilty to the offense of menacing in Colorado in 1995, and was removed from the United States on November 21, 2006. Notably, Defendant also previously

pled guilty to the offense of second degree aggravated car theft in Colorado in 1997.

Defendant objected to the recommended increase on the grounds that his menacing conviction did not constitute an aggravated felony, thus making him eligible only for a four-level increase under § 2L1.2(b)(1)(D). The Government filed a written response contesting Defendant's argument. In the event that the Court agreed with Defendant regarding his menacing conviction, the Government raised the alternative possibility that Defendant's prior conviction for second degree aggravated car theft also constitutes an aggravated felony for purposes of the eight-level increase. At the sentencing hearing on April 3, 2007, the Court agreed with Defendant and held that the menacing conviction was not an aggravated felony. The Court overruled his objection, though, finding that his conviction for second degree aggravated car theft is an aggravated felony. The Court thus increased Defendant's sentence by eight levels. The Court now writes to more fully explain the grounds for its ruling.

## II. DISCUSSION

### A. The Offense of Menacing as an "Aggravated Felony"

■ The Court first considers whether Defendant's conviction for menacing constitutes an "aggravated felony." Defendant was convicted under Colorado Revised Statute § 18–3–206, which provides that:

A person commits the crime of menacing if, by any threat or physical action, he knowingly places or attempts to place another person in fear of imminent serious bodily injury. Menacing is a class 3 misdemeanor, but if committed by the use of a deadly weapon, it is a class 5 felony.

COLO.REV.STAT. § 18–3–206 (1995). Defendant's conviction was a class 5 felony, and thus involved the use of a deadly weapon.

The Sentencing Guidelines Manual defines the term "aggravated felony" by reference to 8 U.S.C. § 1101(a)(43). Pursuant to that section, "aggravated felony" includes "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). Accordingly, a "crime of violence" for purposes of an eight-level increase is:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

Defendant's menacing conviction does not satisfy the requirements of § 16(a), as the Colorado statute does not categorically require as an element proof of any use of physical force. The Government concedes as much, instead contending that the conviction is a crime of violence under § 16(b). While the Fifth Circuit has not assessed whether a conviction under Colorado's menacing statute constitutes a crime of violence, that court has specifically addressed § 16(b) and interpreted it as requiring more than simply an accidental or incidental use of force. Instead, the Fifth Circuit has held that § 16(b) requires a substantial risk that force will intentionally be used. *United States v. Chapa–Garza*, 243 F.3d 921, 926 (5th Cir.2001) (stating that § 16(b) "refers only to those offenses in which there is a substantial likelihood that the perpetrator will *intentionally* employ

physical force" (emphasis added)). The Supreme Court subsequently upheld this interpretation, holding that the requirement of "use" in § 16(b) "requires active employment" of force. *Leocal v. Ashcroft,* 543 U.S. 1, 9, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004). The statute at issue here, however, requires only that Defendant "knowingly" placed or attempted to place a victim in fear of bodily injury. Such conduct does not, "by its nature, involve[ ] a substantial risk that physical force" will intentionally be used in the commission of the offense. 18 U.S.C. § 16(b).

The Government argues that the Court should consider that Defendant pled guilty to an amended information, which charged him with "by threat and physical action and by use of a deadly weapon, to wit: beer bottle, did unlawfully, feloniously and knowingly place and attempt to place Mario Munoz in fear of imminent serious bodily injury." The Government contends that by pleading to the amended count, Defendant has admitted that he used physical action in the commission of the offense. The Government appears to rely on the fact that the Colorado statute requires proof of a "threat *or* physical action," while the amended count charges that Defendant engaged in a "threat *and* physical action."

Even if the Court were to consider the amended count,[1] though, Defendant's offense conduct still does not satisfy the requirements of § 16(b). The amended information does not alter the requisite mental state of Defendant's conviction. Even under the amended count, Defendant was charged only with *knowingly* placing an individual in fear of bodily injury through physical action and the use of a deadly weapon. Defendant's menacing conviction thus does not by its nature present a substantial risk that physical force will be intentionally used, as required by § 16(b). Since Defendant's menacing conviction does not categorically rise to the level of a "crime of violence," it is not an aggravated felony. The Court therefore agrees with Defendant, and grants his objection in regards to his menacing conviction. The Court now turns to Defendant's prior conviction for aggravated car theft.

**B.** *The Offense of Second Degree Aggravated Car Theft as an "Aggravated Felony"*

Defendant was convicted under Colorado Revised Statute § 18–4–409(4), which provides in relevant part that:

> A person commits aggravated motor vehicle theft in the second degree if he or she knowingly obtains or exercises control over the motor vehicle of another without authorization or by threat or deception....

Colo.Rev.Stat. § 18–4–409(4) (1997).

As discussed above, an individual has committed an aggravated felony for purposes of the Sentencing Guidelines if his prior conviction constitutes a crime of violence under 18 U.S.C. § 16(b). The Fifth Circuit has previously held that the Texas offense of unauthorized use of a motor vehicle is a crime of violence under § 16(b). *United States v. Galvan–Rodriguez,* 169 F.3d 217, 219 (5th Cir.1999). In *Galvan–Rodriguez,* the Fifth Circuit held that such conduct " 'by its nature, involves a substantial risk that physical force against the ... property of another may

---

1. While the Court generally may consider only the statute of conviction when determining whether a prior conviction constitutes an "aggravated felony," the Court may in certain circumstances narrow a defendant's offense conduct by looking to the defendant's charging documents. *United States v. Calderon–Pena,* 383 F.3d 254, 258 (5th Cir.2004) (sentencing court may look to the indictment "for the limited purposes of determining which of a series of disjunctive elements a defendant's conviction satisfies").

be used in the course of committing the offense.'" *Id.* (quoting 18 U.S.C. § 16(b)). The court stated that "the unauthorized use of a vehicle ... carries a substantial risk that the vehicle might be broken into, 'stripped,' or vandalized, or that it might become involved in an accident, resulting not only in damage to the vehicle and other property, but in personal injuries to innocent victims as well." *Id.* The court went on to specifically address the possibility that a defendant could be convicted for unauthorized use of a vehicle when his conduct constitutes merely joyriding, but found that such conduct still fell within the scope of § 16(b). The court stated that:

> It is true that, as argued by Galvan, the unauthorized use of a vehicle will not always result in physical force to persons or property, as, for example, when a child takes the family car "joyriding" without parental consent; however, there is a strong probability that the inexperienced or untrustworthy driver who has no pride of ownership in the vehicle will be involved in or will cause a traffic accident or expose the car to stripping or vandalism. In fact, when an illegal alien operates a vehicle without consent, a strong probability exists that the alien may try to evade the authorities by precipitating a high-speed car chase and thereby risking the lives of others, not to mention significant damage to the vehicle and other property. As we perceive these risks to be substantial, Galvan's offense qualifies as a crime of violence and thus warrants a 16 level sentence enhancement.

*Id.* at 219–20.

While the Fifth Circuit subsequently held that felony DWI is not a "crime of violence," it did so on the basis that the risk of physical force involved in felony DWI was a risk that force be used recklessly, rather than a risk that force inten-tionally be used in the commission of the offense. *Chapa–Garza,* 243 F.3d at 926–27. In *Chapa–Garza,* the Fifth Circuit reconciled its holding with *Galvan–Rodriguez* on the basis that the unauthorized use of a motor vehicle, unlike felony DWI, involves a risk of the intentional use of force. *Id.* The court stated that "it cannot be doubted that there is a substantial risk that physical force will be used against a vehicle in order to obtain the unauthorized access to it that is necessary for the commission of the offense of joy riding." *Id.* at 927–28.

Defendant attempts to distinguish *Galvan–Rodriguez* on the grounds that the Colorado statute under which he was convicted is broader than the Texas statute at issue in that case. Defendant notes that the Colorado statute provides that a conviction may be based on the use of a vehicle "without authorization," or alternatively it may be based on use in which the defendant "obtains or exercises control ... by threat or deception." Colo.Rev.Stat. § 18–4–409(4) (1997). Defendant contends that obtaining control over a vehicle by threat or deception does not inherently present a substantial risk that physical force will be used against a person or that physical force will be used against the vehicle in the defendant's gaining access. While that may be true, Defendant's reading of § 16(b) is selective. First, a crime of violence is an offense that involves a substantial risk that physical force may be used "against the person *or* property of another." 18 U.S.C. § 16(b) (emphasis added). Defendant's conviction is a crime of violence not because aggravated car theft involves a risk of the use of force against a person, but rather because of the risk that force will be used against proper-ty—specifically, the car that Defendant used. Second, the force that may be used against the vehicle is not merely the force that a defendant may employ in gaining

access to the vehicle. Rather, as *Galvan–Rodriguez* makes clear, there is a substantial risk that the car will be damaged in an accident, constituting the use of physical force against the vehicle. *Galvan–Rodriguez*, 169 F.3d at 219. The Court sees no further reason to distinguish between an individual who obtains a car without authorization and an individual who obtains a car by means of trick or deceit. A substantial risk that force will be used against the car, as recognized in *Galvan–Rodriguez*, will result in either situation. Therefore, the Court determines that a conviction for second degree aggravated car theft in Colorado constitutes a "crime of violence," and thus an "aggravated felony." [2]

## III.  CONCLUSION

Based on the foregoing analysis, the Court is of the opinion that by being convicted for "knowingly obtain[ing] or exercis[ing] control over the motor vehicle of another without authorization or by threat or deception," Colo.Rev.Stat. § 18–4–409(4) (1997), Defendant has been convicted of an offense that, "by its nature, involves a substantial risk that physical force against the ... property of another may be used in the course of committing the offense," 18 U.S.C. § 16(b). Defendant's conviction for second degree aggravated car theft thus constitutes a "crime of violence" and an "aggravated felony," and the eight-level upward adjustment of § 2L1.2(b)(1)(C) was properly applied.

---

2.  The Court thus need not consider the Government's additional argument that Defendant's conviction for second degree aggravated car theft constitutes an "aggravated felony" in that it is "a theft offense ... for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G).