FILED
United States Court of Appeals
Tenth Circuit

October 27, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

SHAWN JAMES HAMILTON,

      Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

      Respondent.

No. 09-9505

## PETITION FOR REVIEW OF A DECISION OF THE BOARD OF IMMIGRATION APPEALS

Submitted on the briefs:[*]

Yalila Guerrero, Houston, Texas, for Petitioner.

Anh-Thu P. Mai-Windle, Senior Litigation Counsel, Ann M. Welhaf, Civil Division, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Before **O'BRIEN**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

**O'BRIEN**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Shawn James Hamilton petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the decision by the immigration judge (IJ), which found Hamilton ineligible for cancellation of removal because he had been convicted of an aggravated felony. We deny the petition.

## Background

Hamilton is a native and citizen of Canada. In 1993, he became a permanent lawful resident of the United States. In 2006, the Department of Homeland Security sought to remove Hamilton based upon his conviction of a crime of moral turpitude. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I). Hamilton conceded removability but sought cancellation of removal for certain permanent residents pursuant to 8 U.S.C. § 1229b(a), which required him to show he "ha[d] not been convicted of any aggravated felony," *id.* § 1229b(a)(3).[1] At his first merits hearing before the IJ, Hamilton admitted to a conviction of conspiracy to commit mail fraud. But, he argued, that conviction did not qualify as an aggravated felony because, according to the restitution order contained in the judgment of

---

[1]   The statute also requires the alien make the following showings: "(1) [he] has been an alien lawfully admitted for permanent residence for not less than 5 years," and "(2) [he] has resided in the United States continuously for 7 years after having been admitted in any status." 8 U.S.C. § 1229b(a). These portions of the statute were not in dispute during the removal proceedings, and are not at issue in this appeal.

-2-

conviction, the victims' loss was limited to $9,900, below the $10,000 floor for a felony offense.[2]

The IJ wanted to further develop the record as to the amount of loss so he continued the hearing to give the parties an opportunity to present additional evidence on that issue. At the second hearing, the government submitted Exhibit 6, which contained the following evidence: (1) the plea agreement for Hamilton's co-conspirator, Gregory Maxwell; (2) Maxwell's judgment of conviction; (3) the information charging Hamilton with one count of conspiracy to commit mail fraud; (4) Hamilton's presentence investigation report (PSR); and (5) an addendum to Hamilton's PSR. *See* Admin. R. at 202-244. Hamilton objected to all of the evidence in Exhibit 6, with the exception of the information, which had previously been admitted with Hamilton's judgment of conviction in Exhibit 5 at the first merits hearing.

The IJ denied relief, concluding Hamilton was not eligible for cancellation of removal because he had been convicted of a fraud or deceit offense resulting in a loss to the victim or victims exceeding $10,000. Hamilton's conviction came as a result of his involvement in a scheme whereby he and a co-conspirator (Maxwell) burned Maxwell's automobile in order to collect insurance proceeds.

---

[2]     The relevant definition of "aggravated felony" for this case is "an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i).

In determining the amount of loss to the victims the IJ relied on information contained in Hamilton's PSR, which reported the insurance claim for the loss of Maxwell's automobile at $22,240.[3] *See* Admin. R. at 6, 229. The BIA affirmed the IJ's decision. This petition for review followed.

## Analysis

### *I. Jurisdiction*

We first address jurisdiction. Although Congress has explicitly barred our jurisdiction to review denials of discretionary relief under § 1229b, *see* 8 U.S.C. § 1252(a)(2)(B)(i), and to review final orders of removal against an alien who is removable for committing a crime of moral turpitude, *see id.* § 1252(a)(2)(C)—both of which are applicable here—the government concedes we have jurisdiction to consider the legal issue presented in this case under the exception to these jurisdictional bars in 8 U.S.C. § 1252(a)(2)(D). *See*, *e.g.*, *Vargas v. Dep't of Homeland Security*, 451 F.3d 1105, 1106 (10th Cir. 2006). Our review is limited to a narrow issue of law: whether it was proper for the IJ to consider information contained in Hamilton's PSR in order to determine if the amount of loss sustained by the victims of his crime met the $10,000 threshold, defining the offense as an aggravated felony, *see* 8 U.S.C. § 1101(a)(43)(M)(i).

---

[3]   They also destroyed other property in the process. The total loss amounted to $65,908.96.

## II. Standard of Review

A single BIA member decided the merits of the appeal and issued an opinion affirming the IJ's decision. *See* 8 C.F.R. § 1003.1(e)(5). In these circumstances, the BIA's order is the final order under review but "we may consult the IJ's opinion to the extent that the BIA relied upon or incorporated it." *Sarr v. Gonzales*, 474 F.3d 783, 790 (10th Cir. 2007). We review de novo the BIA's legal determination. *Herrera-Castillo v. Holder*, 573 F.3d 1004, 1007 (10th Cir. 2009).

## III. Merits

Hamilton bears the burden of proving his eligibility for cancellation of removal. Before the BIA he argued the IJ erred by admitting his PSR into evidence. The BIA decided Hamilton's case was governed by its decision in *In re Babaisakov,* 24 I & N Dec. 306, 321 (BIA 2007). In that decision, the BIA held the amount of loss (in an offense such as this) is not an element of the offense and, therefore "is not subject to the limitations of the categorical approach, the modified categorical approach, or a divisibility analysis and may be proved by evidence outside the record of conviction." Admin. R. at 3. It said: "[P]rovided that the loss is still shown to relate to the conduct of which the person was convicted . . . immigration judges are free to 'consider any evidence, otherwise admissible in removal proceedings, including witness testimony, bearing on the loss to the victim.'" *Id.* (quoting *Babaisakov*, 24 I & N Dec. at 321)).

The BIA acknowledged that in the criminal case Hamilton was only required to pay $9,900 as victim compensation, but it explained "[a]lthough restitution orders can be sufficient evidence of loss to the victim in certain cases, they are not determinative." *Id.* Neither the information nor the judgment of conviction stated the amount of loss suffered by the victim insurance company, but the PSR provided reliable evidence of the victim's loss, which was directly related to the conduct of which Hamilton was convicted. *Id.* Under these circumstances, according to the BIA, the IJ "correctly considered the [PSR] in determining . . . the amount of loss to this victim" and "[b]ased on the evidence of record, [Hamilton] has failed to establish that the [§ 1229b(a)(3)] preclusion does not apply." *Id.* Because Hamilton failed to demonstrate he had not been convicted of an aggravated felony the BIA affirmed the IJ's decision leaving him ineligible for cancellation of removal under § 1229b(a)(3).

Here Hamilton renews the argument he made to the BIA – the agency was limited in the types of evidence it could consider based on our decision in *United States v. Venegas-Ornelas*, 348 F.3d 1273, 1275 (10th Cir. 2003), applying the categorical approach prescribed by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 600 (1990).[4] But the Supreme Court recently rejected Hamilton's

_____

[4] The categorical approach developed in the criminal sentencing context to determine whether a prior conviction could be used to enhance a sentence under the Armed Career Criminal Act. *See Taylor v. United States*, 495 U.S. 575, 577-

(continued...)

argument.  *See Nijhawan v. Holder*, 129 S. Ct. 2294 (2009).

In *Nijhawan*, the Court considered the same aggravated felony definition at issue here to determine whether the relevant offense was "an offense that . . . involves fraud or deceit *in which the loss to the victim or victims exceeds $10,000.*"  129 S. Ct. at 2297 (quoting 8 U.S.C. § 1101(a)(43)(M)(i)).  In deciding whether to apply *Taylor's* categorical approach the Court concluded "the italicized language does not refer to an element of the fraud or deceit crime.  Rather it refers to the particular circumstances in which an offender committed a (more broadly defined) fraud or deceit crime on a particular occasion."  *Id*. at 2297-2298.  It concluded the categorical approach was not appropriate; consideration of this aggravated felony definition required a "circumstance-specific" approach.  *Id*. at 2300.  Under the circumstance-specific approach it was permissible for the IJ to rely upon sentencing-related material to determine the amount of the loss.  *Id*. at 2303.

---

[4](...continued)
78, 581, 599-600 (1990).  Under the categorical approach, a court initially is limited to considering the statutory definition of the crime, not the underlying factual circumstances of the crime.  *See id*. at 600.  But in certain circumstances, a court can also consider the charging documents and the jury instructions.  *Id*. at 602.  In *Shepard v. United States*, 544 U.S. 13, 16 (2005), this list of permissible material was expanded to include documents in a non-jury case—a "written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."  When a court goes beyond the mere statutory definition of the crime to consider other permissible documents, our court has characterized this as the modified categorical approach.  *See, e.g., Batrez Gradiz v. Gonzales*, 490 F.3d 1206, 1211 (10th Cir. 2007).

The *Nijhawan* Court addressed the fairness concerns inherent in expanding the types of evidence warranting consideration by the IJ, saying "that petitioner and those in similar circumstances have at least one and possibly two opportunities to contest the amount of loss, the first one at the earlier sentencing and the second at the deportation hearing itself." *Id*. Hamilton had such an opportunity. He could have contested the amount of loss by objecting to the contents of his PSR during his criminal sentencing. He did not. *See* Admin. R. at 243; *see also* Fed. R. Crim. P. 32(f),(i) (requiring a defendant to make written objections to the material in the PSR and requiring the court to resolve "any disputed portion of the presentence report or other controverted matter."); *United States v. West*, 550 F.3d 952, 957 n.3 (10th Cir. 2008) ("Fed. R. Crim. P. 32 continues to require a defendant, at or before sentencing, to make specific objections to facts contained in the PSR. If a defendant fails to make such an objection, we will deem him to have waived any dispute regarding the facts set forth in the PSR." (citations omitted)). During the immigration proceedings Hamilton was offered an additional opportunity to provide evidence or information to contest the amount of loss. *See* Admin. R. at 174.

The holding in *Nijhawan* forecloses Hamilton's argument in favor of the categorical or modified categorical approach.[5] The BIA's decision was consistent

_____

[5] *Nijhawan* was decided the week after Hamilton filed his opening brief and
(continued...)

-8-

with the holding in *Nijhawan*, in that it permitted the IJ to consider information in Hamilton's PSR[6] to determine whether the $10,000 loss threshold for an aggravated felony was met. *See* 8 U.S.C. § 1101(a)(43)(M)(i). Because we conclude the BIA committed no error of law in its holding, the petition for review is denied.

---

[5](...continued)
therefore Hamilton did not address the case in his brief. The government raised the *Nijhawan* argument in its response brief. Hamilton had the opportunity to address the *Nijhawan* argument in his reply brief, but he failed to file a reply brief.

[6]       Hamilton asserts the IJ admitted and considered the PSR and conviction record of Hamilton's co-conspirator, Gregory Maxwell, but that is not an accurate representation of the record or the IJ's evaluation of the evidence. Aplt. Br. at 6-7. Although the government did submit evidence of Maxwell's plea agreement and judgment of conviction, it did not submit Maxwell's PSR. *See* Admin. R. at 204-222. And the IJ stated he was not going to refer to Maxwell's conviction record but instead he would only rely on Hamilton's conviction record and PSR. *Id*. at 189.