FILED
United States Court of Appeals
Tenth Circuit

**August 9, 2011**

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

MANUEL DAMASO-MENDOZA,
a/k/a Manuel Mendoza-Damaso, a/k/a
Manuel D. Mendoza,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 10-9579

---

## PETITION FOR REVIEW OF AN ORDER
## OF THE BOARD OF IMMIGRATION APPEALS

---

Submitted on the briefs[*]:

Christine M. Hernández and Arnulfo D. Hernández, of Hernández & Associates,
P.C., Denver, Colorado, for Petitioner.

Jennifer J. Keeney, Senior Litigation Counsel, Papu Sandhu, Senior Litigation
Counsel, and Ubaid Ul-Haq, Student Law Clerk, of Office of Immigration
Litigation, Civil Division, Justice Department, Washington, D.C., for Respondent.

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

**HARTZ**, Circuit Judge.

Petitioner Manuel Damaso-Mendoza, a citizen of Mexico, seeks review of the decision by the Board of Immigration Appeals (BIA) that he is removable despite being a lawful permanent resident of the United States. The BIA determined that Petitioner's Colorado felony conviction for menacing, *see* Colo. Rev. Stat. § 18-3-206 (2000), was a conviction of a crime of violence as defined by 18 U.S.C. § 16, and therefore an aggravated felony, *see* 8 U.S.C. § 1101(a)(43)(F), making him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

## I.    BACKGROUND

On July 10, 2008, Petitioner pleaded guilty in Colorado to felony menacing and misdemeanor assault. The state court imposed concurrent sentences of two years' imprisonment on the menacing conviction and 18 months' imprisonment on the assault conviction. The menacing statute provides:

> (1) A person commits the crime of menacing if, by any threat or physical action, he or she knowingly places or attempts to place another person in fear of imminent serious bodily injury. Menacing is a class 3 misdemeanor, but, it is a class 5 felony if committed:
>     (a) By the use of a deadly weapon or any article used or fashioned in a manner to cause a person to reasonably believe that the article is a deadly weapon; or
>     (b) By the person representing verbally or otherwise that he or she is armed with a deadly weapon.

Colo. Rev. Stat. § 18-3-206. Colorado law defines *deadly weapon* as "any of the following which in the manner it is used or intended to be used is capable of producing death or serious bodily injury: (I) A firearm, whether loaded or unloaded; (II) A knife; (III) A bludgeon; or (IV) Any other weapon, device, instrument, material, or substance, whether animate or inanimate." *Id.* § 18-1-901(3)(e). Petitioner's judgment of conviction states that he was convicted of "C.R.S. # 18-3-206(1)(a)/(b)." R. at 101.

On February 22, 2010, the Department of Homeland Security issued Petitioner a Notice to Appear charging that he had been convicted of an aggravated felony and was therefore subject to removal. In a hearing before an immigration judge (IJ), Petitioner argued that there was insufficient evidence to find him removable because the state-court judgment did not specify whether he had been convicted under § 18-3-206(1)(a) or under § 18-3-206(1)(b). The IJ ruled that regardless of which subsection Petitioner was convicted under, his conviction was for a crime of violence. Petitioner was ordered removed from the United States.

Petitioner appealed to the BIA, repeating his arguments that the government had not satisfied its burden to prove him removable and further arguing that the IJ had erred in determining that violations of both subsections of the Colorado statute were crimes of violence. The BIA rejected the arguments and dismissed the appeal.

## II.    DISCUSSION

"We review the BIA's legal determinations de novo and its findings of fact for substantial evidence."  *Dallakoti v. Holder*, 619 F.3d 1264, 1267 (10th Cir. 2010).  Although we do not defer to the BIA's interpretation of a state statute, we defer to the BIA's application of immigration law to Petitioner's state conviction. *See Efagene v. Holder*, 642 F.3d 918, 921 (10th Cir. 2011).  The extent of our deference depends on the nature of the BIA decision.  *See Carpio v. Holder*, 592 F.3d 1091, 1097–98 (10th Cir. 2010).  When, as here, the BIA's decision was rendered by a single member of the Board (and hence is not precedential, *see* 8 C.F.R. § 1003.1(g) (stating which BIA decisions are precedential)) and the decision did not rely on a precedential BIA decision, we defer only insofar as "the BIA's decision has the power to persuade.  We examine the thoroughness evident in the BIA's consideration, the validity of its reasoning, and its consistency with earlier and later pronouncements."  *Carpio*, 592 F.3d at 1098 (brackets, citation, and internal quotation marks omitted).

The definition of *crime of violence* in 18 U.S.C. § 16 is:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The BIA relied solely on § 16(a) in this case. To determine whether a statute describes a crime of violence, we ordinarily look only to the elements of the state-law offense. *See Efagene*, 642 F.3d at 921. When, however, the statute defining an offense sets forth alternative means of committing the offense, it may be necessary to determine which of those means was the basis for the conviction. *See id.* at 926. That necessity arises when one or more alternative means have the elements required for a crime of violence and one or more alternative means do not. In that event the government must produce definitive documentation—such as a charging document, a plea agreement, or a plea colloquy—to establish that the offense of conviction had the elements needed for a crime of violence. *See Hamilton v. Holder*, 584 F.3d 1284, 1287 n.4 (10th Cir. 2009).

Relying on this proposition of law, Petitioner argues that the government failed to produce sufficient evidence that he had committed a crime of violence because it did not show whether he was convicted of violating § 18-3-206(1)(a) or of violating § 18-3-206(1)(b). This argument would be persuasive if, say, a violation of § 206(1)(a) was a crime of violence but a violation of § 206(1)(b) was not. The argument would fail, however, if violations of both § 206(1)(a) and § 206(1)(b) are crimes of violence. In that event, the government would establish that Petitioner committed a crime of violence by showing that he must have committed one or the other of the offenses, without any need to identify specifically which one.

The BIA adopted the view that the latter situation was the one presented here. It observed that under either subsection of § 18-3-206 the defendant must have "place[d] or attempt[ed] to place another person in fear of imminent serious bodily injury," Colo. Rev. Stat. § 18-3-206; and it then reasoned that placing another person in such fear, whether the defendant uses a real or simulated deadly weapon under § 206(1)(a) or represents that he has a deadly weapon under § 206(1)(b), "necessarily involves a threatened use of physical force." R. at 5. Because any crime that has the threatened use of physical force as an element is a crime of violence, *see* 18 U.S.C. § 16(a), the BIA concluded that a conviction under either subsection of the Colorado statute is a conviction of a crime of violence.

We find this reasoning persuasive. Indeed, we have adopted essentially the same view in interpreting language identical to 18 U.S.C. § 16(a) that appears in another federal statute and in the United States Sentencing Guidelines. In *United States v. Herron*, 432 F.3d 1127, 1137–38 (10th Cir. 2005), the issue was whether an older version of Colo. Rev. Stat. § 18-3-206 was a violent felony within the meaning of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). We considered the provision in the ACCA that defines *violent felony* to include "any crime punishable by imprisonment for a term exceeding one year . . . , that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). This language is the

-6-

same as that in 18 U.S.C. §16(a) except that § 16(a) refers to physical force against "property" as well as "against the person of another." Thus, in all respects relevant to this appeal, the language of the two federal statutes is identical. *See United States v. Ramon Silva*, 608 F.3d 663, 672 (10th Cir. 2010) ("18 U.S.C. § 16(a) . . . is in all relevant aspects identical to [18 U.S.C.] § 924(e)(2)(B)(i).").

We held that the menacing offense codified in the older version of § 18-3-206 was a violent felony under the ACCA. *See Herron*, 432 F.3d at 1138. The language of that older version is:

> A person commits the crime of menacing if, by any threat or physical action, he knowingly places or attempts to place another person in fear of imminent serious bodily injury. Menacing is a class 3 misdemeanor, but, if committed by the use of a deadly weapon, it is a class 5 felony.

Colo. Rev. Stat. § 18-3-206 (1999); *see Herron*, 432 F.3d at 1137. We said, "Knowingly placing someone in fear by the use of a deadly weapon certainly constitutes threatening someone." *Herron,* 432 F.3d at 1138 (ellipsis and internal quotation marks omitted). And we noted that "[t]he key phrase [in the definition of *violent felony*] is threatened use of physical force. The actual use of force is not necessary to make a crime a *violent felony*; all that is required is the *threat* of such force against another's person." *Id.* at 1137 (internal quotation marks omitted).

*Herron* was followed in *United States v. Armijo*, No. 09-1533, 2011 WL 2687274 (10th Cir. July 12, 2011), which held that the same older version of the menacing offense was a "crime of violence" within the meaning of USSG § 4B1.2(a).  An offense is a *crime of violence* under § 4B1.2(a)(1) if it "has as an element the use, attempted use, or threatened use of physical force against the person of another," the same language as the provision of 18 U.S.C. § 924(e)(2)(B)(i) construed in *Herron*.  *Armijo* rejected the argument (not raised or considered in *Herron*) that the Colorado menacing offense could not be a crime of violence because the Colorado definition of *deadly weapon* includes "materials or substances," which would encompass poisons and pathogens.  *See* 2011 WL 2687274, at \*3–\*5.[1]

---

[1]We note that the Colorado statute encompasses "knowingly plac[ing] or attempt[ing] to place another person in fear of imminent serious bodily injury" "by any threat *or physical action*."  Colo. Rev. Stat. § 18-3-206  (emphasis added).  Neither *Herron* nor *Armijo* addressed (nor has Petitioner raised) the question whether placing or attempting to place one in fear by "physical action" is not a *threat* within the meaning of 18 U.S.C. § 16, 18 U.S.C. § 924(e)(2)(B)(i), or USSG § 4B1.2(a).  The question arises because (1) the menacing statute appears to distinguish between a "threat" and "physical action" by mentioning them separately, and (2) the three federal provisions refer only to "threats."  Nevertheless, we believe that if a person "by . . . physical action . . . places or attempts to place another person in fear of imminent serious bodily injury," Colo. Rev. Stat. § 18-3-206(1), that person has *threatened* serious bodily injury.  A threat is "[a] *communicated* intent to inflict harm or loss on another or on another's property."  Black's Law Dictionary 1618 (9th ed. 2009) (emphasis added).  Communication can certainly take place without words, such as by brandishing a weapon. *See*, *e.g.*, *Ramon Silva*, 608 F.3d at 670 (concluding under the ACCA that "[t]hreatening or engaging in menacing conduct toward a victim, with a weapon capable of producing death or great bodily harm, threatens the use

(continued...)

-8-

The reasoning of *Herron* and *Armijo* applies equally to the present

Colorado statute, which, we repeat, states:

>    (1) A person commits the crime of menacing if, by any threat or
>    physical action, he or she knowingly places or attempts to place
>    another person in fear of imminent serious bodily injury.  Menacing
>    is a class 3 misdemeanor, but, it is a class 5 felony if committed:
>            (a) By the use of a deadly weapon or any article used or
>            fashioned in a manner to cause a person to reasonably believe
>            that the article is a deadly weapon; or
>            (b) By the person representing verbally or otherwise that he or
>            she is armed with a deadly weapon.

Colo. Rev. Stat. § 18-3-206.  We see no material differences in the elements of

the felony set forth in the former § 18-3-206 ("knowingly plac[ing] or

attempt[ing] to place another person in fear of imminent serious bodily injury . . .

[b]y the use of a deadly weapon") and the elements of the first subsection of the

present statute—§ 18-3-206(1)(a).  The sole difference in the elements is that the

present § 206(1)(a) can be violated if the defendant uses a simulated deadly

weapon.  But using a fake weapon still places the victim in fear of injury from a

real weapon.  There is a "*threatened* use of physical force against the person or

---

[1](...continued)
of '*violent* force' because by committing such an act, the aggressor communicates
to his victim that he will potentially use '*violent* force' against the victim in the
near-future."); *United States v. Hernandez*, 568 F.3d 827, 830 (10th Cir. 2009)
("We . . . have no trouble in concluding that knowingly discharging a firearm at
or in the direction of an individual constitutes a real *threat* of the use of physical
force against that individual and satisfies [the ACCA].").  It is unclear why the
Colorado legislature included the words "or physical action" in the menacing
statute.  Perhaps it took a narrow view that a "threat" must be in words; or
perhaps it merely intended to emphasize that the statute could be violated without
any words being uttered.

property of another," 18 U.S.C. § 16(a) (emphasis added), whether the object used by the perpetrator is a true deadly weapon or just looks like one. Petitioner's brief in this court appears to concede that if we follow *Herron*, then § 18-3-206(1)(a) is a crime of violence under 18 U.S.C. § 16(a).

In our view, the same analysis fully applies to the second subsection of the present statute—§ 18-3-206(1)(b). Subsection 206(1)(b) still requires the defendant to issue a threat that places or attempts to place another in fear of bodily injury from a deadly weapon. Although a defendant convicted under § 206(1)(b) need only represent to the victim that he possesses a deadly weapon, the threat is the same as if the defendant had an actual or simulated deadly weapon, as required by § 206(a)(1). *See United States v. Melchor-Meceno*, 620 F.3d 1180, 1185 (9th Cir. 2010) (Present Colorado menacing statute is categorically a crime of violence under USSG § 2L1.2; "it is impossible to conceive of a situation involving fear of imminent serious bodily injury without a threat of force."); *United States v. Forrest*, 611 F.3d 908, 911 (8th Cir. 2010) (1995 Colorado conviction for felony menacing was violent felony under ACCA; "[a] threat that creates a fear 'of imminent serious bodily injury' is a threat of physical force.").

Petitioner cites *United States v. Salinas-Armendariz*, 492 F. Supp. 2d 682, 684–85 (W.D. Tex. 2007), which held that a violation of the older version of Colo. Rev. Stat. § 18-3-206 was not a crime of violence under 18 U.S.C. § 16.

-10-

But we are not persuaded. In that case the government had conceded that the Colorado conviction was not a crime of violence under 18 U.S.C. § 16(a), so the court focused on whether the offense was a crime of violence under § 16(b). *See Salinas-Armendariz*, 492 F. Supp. 2d 684–85. Here, the issue is whether Petitioner's conviction was a crime of violence under § 16(a).[2]

We are persuaded by the BIA's reasoning that a conviction for violation of Colorado's menacing statute is a conviction of a crime of violence. Petitioner therefore committed an aggravated felony and is removable.

## III. CONCLUSION

We DENY the petition for review but GRANT Petitioner's motion to proceed *in forma pauperis*.

---

[2] Petitioner also argues that Colo. Rev. Stat. § 18-3-206 is not a crime of violence under 18 U.S.C. § 16(*b*). But we need not address this argument because the BIA decided only that his conviction was a crime of violence under 18 U.S.C. § 16(*a*).