FILED
United States Court of Appeals
Tenth Circuit

February 12, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

OCTAVIO DIAZ RAMOS,

       Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

       Respondent.

No. 14-9546
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **MORITZ**, Circuit Judges.

Octavio Diaz Ramos petitions for review of a final order of removal. He

challenges the Board of Immigration Appeals' (BIA or Board) holding that he is

removable and its denial of his applications for relief from removal because he has

been convicted of an aggravated felony. Exercising jurisdiction under 8 U.S.C.

§ 1252(a), we dismiss in part and deny the remainder of the petition for review.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.     Background

Mr. Diaz, a native and citizen of Mexico, became a lawful permanent resident (LPR) of the United States in 1992.  In 1999, he pleaded guilty in state court in Arizona to an attempted violation of Ariz. Rev. Stat. § 13-3405 (1999), which criminalized the possession, use, production, sale or transportation of marijuana. More specifically, according to the Arizona state court's sentencing order and Mr. Diaz's plea agreement, he pleaded guilty to a single count of "Attempted Possession of Marijuana for Sale, a class 3 nondangerous and nonrepetitive felony, in violation of [Ariz. Rev. Stat. §§] 13-1001, 13-3405(A)(2) and (B)(3), 13-3401, 13-701, and 13-801."  Admin. R. at 811, 821-22.

The terms of §§ 13-3405(A)(2) and (B)(3) are relevant to the issues raised in this petition for review.[1]  At the time of Mr. Diaz's conviction, § 13-3405 provided, in relevant part:

   A.  A person shall not knowingly:

         1.  Possess or use marijuana.

         2.  Possess marijuana *for sale*.

   . . .

   B.  A person who violates:

   . . .

---

[1]      Section 13-1001 defines "attempt"; § 13-3401 defines various terms related to drug offenses, including "marijuana"; and §§ 13-701 and 13-801 prescribe prison sentences and fines for felonies.

> 3. *Subsection A, paragraph 1* of this section involving an amount of marijuana *not possessed for sale* having a weight of four pounds or more is guilty of a class 4 felony.

Ariz. Rev. Stat. § 13-3405 (1999) (emphasis added).

When, as a returning LPR, Mr. Diaz applied for re-admission into the United States in December 2007, the Department of Homeland Security (DHS) sought his removal as an alien who has been an illicit trafficker in any controlled substance. *See* 8 U.S.C. § 1182(a)(2)(C). DHS subsequently added an additional charge that Mr. Diaz is an alien convicted of a violation of any law relating to a controlled substance. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II). In support of these charges, DHS submitted the sentencing order and Mr. Diaz's plea agreement in his Arizona criminal proceedings.

Appearing before an immigration judge (IJ), Mr. Diaz denied that he was removable as charged and applied for cancellation of removal. After the IJ found him removable, he also filed an application for withholding of removal and relief under the Convention Against Torture (CAT), in which he alleged that he faces harm from drug cartels in Mexico. He asserted that his work as a confidential informant for Arizona police from 1997 to 1999 resulted in the arrests of drug dealers who now reside in Mexico.

The IJ denied Mr. Diaz's applications for cancellation of removal, withholding of removal, and CAT protection. The IJ found that he had been convicted of an aggravated felony, making him ineligible for cancellation of removal. And because

- 3 -

he failed to rebut the presumption that his conviction was for a particularly serious crime, Mr. Diaz was also ineligible for withholding of removal and CAT relief. The IJ further held that he failed to meet his burden of proof for deferral of removal under CAT.

Mr. Diaz appealed to the BIA, arguing that his Arizona conviction is not an aggravated felony because (1) he was not sentenced to imprisonment and (2) he was convicted only of attempted possession of marijuana. The BIA agreed with the IJ's reasoning and holdings and dismissed his appeal in a decision by a single Board member. After Mr. Diaz filed a petition for review in this court, the Supreme Court issued a decision in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), in which it clarified which marijuana-distribution crimes qualify as aggravated felonies. We granted the Attorney General's unopposed motion to remand the proceedings to the BIA to reconsider whether Mr. Diaz's conviction is an aggravated felony in light of *Moncrieffe*.

On remand to the BIA, Mr. Diaz argued, inter alia, that his conviction is not an aggravated felony because the minimum conduct required for a conviction pursuant to his statute of conviction does not meet the definitions of illicit trafficking or drug trafficking. In a three-member panel decision, the BIA once again dismissed Mr. Diaz's appeal, holding that, according to the record, he was convicted of attempted possession of marijuana *for sale*. It rejected his claim that his record of conviction was unclear on that point.

- 4 -

**II.      Discussion**

In his petition for review, Mr. Diaz contests the BIA's holding that he is removable as an alien who has been an illicit trafficker in any controlled substance under 8 U.S.C. § 1182(a)(2)(C), and as an alien convicted of a controlled substance offense under 8 U.S.C. § 1182(a)(2)(A)(i)(II). He further contends that he is eligible for relief from removal because his Arizona conviction does not qualify as an aggravated felony. Mr. Diaz also maintains that he was denied due process in his hearing before the IJ and that his removal constitutes cruel and unusual punishment in violation of the Eighth Amendment.

**A.      Standards of Review**

We review legal issues in immigration proceedings de novo and factual issues for substantial evidence. *Damaso-Mendoza v. Holder*, 653 F.3d 1245, 1248 (10th Cir. 2011). Regarding whether Mr. Diaz's conviction qualifies as an aggravated felony, we review the BIA's decision after remand from this court. As a three-member panel decision issued pursuant to 8 C.F.R. § 1003.1(e)(6), it completely supersedes the IJ's decision on that issue. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1203 (10th Cir. 2006). To the extent that Mr. Diaz's claims address issues not addressed in the BIA's order following our remand, we review the BIA's preceding single-member decision issued pursuant to 8 C.F.R. § 1003.1(e)(5). *See id.* at 1203-04. In reviewing that order, "we will not affirm on grounds raised in the IJ decision unless they are relied upon by the BIA in its affirmance," but we may

- 5 -

consult the IJ's decision where it provides a "more complete explanation of those same grounds." *Id.* at 1204.

B.    **Grounds for Removal**

The BIA affirmed two independent grounds for finding Mr. Diaz inadmissible and therefore removable:  (1) that he is an alien who has been an illicit trafficker in any controlled substance, *see* 8 U.S.C. § 1182(a)(2)(C); and (2) that he has been convicted of any law relating to a controlled substance, *see* 8 U.S.C. § 1182(a)(2)(A)(i)(II).  The latter section includes an "*attempt* to violate[] any law . . . of a State . . . relating to a controlled substance."  *Id.* § 1182(a)(2)(A)(i)(II) (emphasis added).  Although we lack jurisdiction to review a final removal order "against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)," 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to determine whether this jurisdictional bar applies, *see Tapia Garcia v. INS*, 237 F.3d 1216, 1220 (10th Cir. 2001).

The Attorney General contends it is uncontested that Mr. Diaz is removable under § 1182(a)(2)(A)(i)(II).  Mr. Diaz asserts that he has never conceded that point, and he argues, without further analysis or citation, that he "does not agree that a first offense felony possession in Arizona is actionable . . . since an attempted possession has no possession and a conversation is not a violation of a drug possession law." Pet. Opening Br. at 30.

- 6 -

We lack jurisdiction to review this claim because Mr. Diaz did not exhaust it before the BIA. *See Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1236-38 (10th Cir. 2010). He does not state in his brief where he raised this claim in his BIA appeal. And our review of his BIA filings indicates that he argued to the Board that his Arizona conviction is not a drug-trafficking aggravated felony. The BIA likewise construed his contentions as addressing that issue. *See* Admin. R. at 88-90.[2] Mr. Diaz "had a duty to present to the BIA all of his specific legal theories for reversal. This he did not do, and he may not add new theories seriatim as the litigation progresses from the agency into the courts." *Garcia-Carbajal*, 625 F.3d at 1238. We therefore dismiss Mr. Diaz's petition for review for lack of jurisdiction to the extent that he raises this unexhausted claim.

Based on the BIA's holding that Mr. Diaz is removable by reason of having committed a criminal offense covered in § 1182(a)(2)(A)(i)(II), we are precluded by § 1252(a)(2)(C) from reviewing his final order of removal unless he raises "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).

## C.     Constitutional Claims

Mr. Diaz characterizes his removal as a "lifetime sentence" and "banishment from home and family," Pet. Opening Br. at 35, in violation of the Eighth

---

[2]     We do not deem a stray remark about actual versus attempted possession within Mr. Diaz's contentions regarding drug trafficking crimes, *see* Admin. R. at 113, to have sufficiently presented to the BIA the contention he now asserts in this court.

Amendment prohibition against cruel and unusual punishment.  But we have long held otherwise.  In *Bassett v. U.S. INS*, 581 F.2d 1385, 1386, 1387 (10th Cir. 1978), we rejected an LPR alien's claim that his deportation based on a marijuana-possession conviction was cruel and unusual punishment because it would break up his family.  Because "[i]mmigration laws never have been considered penal," *id.* at 1387, we declined to apply the Eighth Amendment as a limit on "Congress' plenary power to enumerate and enforce deportable offenses."  *Id.* at 1388.  Mr. Diaz's Eighth Amendment claim fails on the merits.

Mr. Diaz also asserts that the IJ violated his right to due process under the Fifth Amendment by denying him a full and fair hearing.  "Because aliens do not have a constitutional right to enter or remain in the United States, the only protections afforded are the minimal procedural due process rights for an opportunity to be heard at a meaningful time and in a meaningful manner."  *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009) (internal quotation marks omitted).  Mr. Diaz contends that the IJ denied him due process by limiting during his immigration hearing the testimony of the Arizona state court judge who presided in his criminal proceeding.  He complains that he was precluded from asking the judge questions regarding the nature of his conviction, the criminal judgment, and his probationary sentence.  Mr. Diaz also argues that the IJ prevented him from making a record regarding the validity of his Arizona conviction.

We lack jurisdiction to review Mr. Diaz's due-process claim because he failed to exhaust it before the BIA. Once again, he does not point to where he raised this issue in his BIA appeal. As a general matter, we have not required exhaustion of constitutional claims because the BIA "lacks authority to resolve constitutional questions." *Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008). But "objections to procedural errors or defects that the BIA could have remedied must be exhausted even if the alien later attempts to frame them in terms of constitutional due process on judicial review." *Id.* at 1094. Mr. Diaz's due-process claim asserts such "administratively correctable procedural defect[s]," and is therefore subject to the exhaustion bar. *Id.* at 1095. We dismiss his petition for review for lack of jurisdiction to the extent he asserts this unexhausted due-process claim.

## D. Cancellation of Removal

Aliens who apply for relief from removal bear the burden of proving their eligibility. *See Mena-Flores v. Holder*, __ F.3d __, 2015 WL 294629, at \*7 (10th Cir. Jan. 23, 2015). An LPR seeking cancellation of removal must establish that he has "not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a)(3). Mr. Diaz argues that his Arizona conviction does not qualify as an aggravated felony. Because this issue presents a question of law, we have jurisdiction to review it. *See Diallo v. Gonzales*, 447 F.3d 1274, 1282 (10th Cir. 2006) (holding despite other jurisdictional bars, court retains jurisdiction to review "a narrow category of issues regarding statutory construction" (internal quotation marks omitted)); *Brue v.*

- 9 -

*Gonzales*, 464 F.3d 1227, 1231-32 (10th Cir. 2006) (reviewing challenge to denial of discretionary relief that presented a question of law).

In deciding if Mr. Diaz has been convicted of an aggravated felony, we apply the categorical approach to determine whether his Arizona offense is comparable to the federal generic crime. *See Moncrieffe*, 133 S. Ct. at 1684. In doing so, we "look to the text of the statute violated, not the underlying factual circumstances" of the conviction. *Tapia Garcia*, 237 F.3d at 1222 (internal quotation marks omitted); *see also Moncrieffe*, 133 S. Ct. at 1690 (stating inquiry is limited to "what the noncitizen was convicted of, not what he did" (internal quotation marks omitted)). In the context of this case, aggravated felony means "illicit trafficking in a controlled substance." 8 U.S.C. § 1101(a)(43)(B). Although that term is undefined, it includes a "drug trafficking crime," as defined in 18 U.S.C. § 924(c). 8 U.S.C. § 1101(a)(43)(B). Section 924(c)(2) defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act [CSA]."

The CSA makes it illegal to "possess with intent to . . . distribute . . . a controlled substance," 21 U.S.C. § 841(a)(1), which includes marijuana, 21 U.S.C. § 812(c). In general, if the maximum term of imprisonment authorized for a federal offense is more than one year, it is classified as a felony. *See* 18 U.S.C. § 3559(a)(5). But as the Court explained in *Moncrieffe*, 133 S. Ct. at 1686, some federal marijuana "distribution" offenses are not punishable as felonies under the CSA. More specifically, distribution of "a small amount of marihuana for no remuneration" is

treated as simple possession, which is a misdemeanor under the CSA. *Id.*; *see also* 21 U.S.C. §§ 841(b)(4), 844(a); *Lopez v. Gonzales*, 549 U.S. 47, 53 (2006) ("Mere possession . . . is not a felony under the federal CSA . . . ."). In contrast, distribution of marijuana *for remuneration* is punishable as a felony under the CSA. *Moncrieffe*, 133 S. Ct. at 1686. Moreover, an attempt to commit any offense defined in the CSA is "subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt." 21 U.S.C. § 846. Thus, because possession of marijuana with intent to distribute it for remuneration is a felony under the CSA, an attempt to do so is also a felony.

The question, then, is whether Mr. Diaz's Arizona conviction is a felony punishable under the CSA. To qualify as such, "a state drug offense must meet two conditions: It must 'necessarily' proscribe conduct that is an offense under the CSA, and the CSA must 'necessarily' prescribe felony punishment for that conduct." *Moncrieffe*, 133 S. Ct. at 1685. Mr. Diaz pleaded guilty to attempted violation of Ariz. Rev. Stat. § 13-3405, which criminalizes the possession, use, production, sale or transportation of marijuana. Applying the categorical approach, a conviction under this statute qualifies as an aggravated felony "only if all violations of the statute would qualify, regardless of how the specific offender might have committed it on a particular occasion." *United States v. Trent*, 767 F.3d 1046, 1052 (10th Cir. 2014) (internal quotations marks and brackets omitted), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Dec. 23, 2014) (No. 14-7762). Because Ariz. Rev. Stat.

- 11 -

§ 13-3405 criminalizes simple possession of marijuana, *see id.* § 13-3405(A)(1), a person could violate the statute in a manner that would not be punishable as a felony under the CSA, *see Lopez*, 549 U.S. at 53.

But our analysis does not end there if § 13-3405 is a divisible statute that "sets out one or more elements of the offense in the alternative," *Trent*, 767 F.3d at 1052, some of which match the relevant definition of an aggravated felony and some of which do not. Mr. Diaz does not contend that § 13-3405 is non-divisible; consequently, we proceed to the modified categorical approach under which we "examine[] certain definitive underlying documents to determine which alternative the defendant's conviction satisfied." *Id.*

Both the Arizona court's sentencing order and Mr. Diaz's plea agreement state that he pleaded guilty to a single count of "Attempted Possession of Marijuana for Sale, a class 3 nondangerous and nonrepetitive felony, in violation of [Ariz. Rev. Stat. §] . . . 13-3405(A)(2)." Admin. R. at 811, 821-22. Arizona defines "sale" in the context of a drug offense as "an exchange for anything of value or advantage, present or prospective." Ariz. Rev. Stat. § 13-3401(32). Thus, an attempt to possess marijuana for sale in violation of § 13-3405(A)(2) is equivalent to an attempt to possess marijuana with intent to distribute it for remuneration under the CSA. Section 13-3405(A)(2) therefore necessarily proscribes conduct that is an offense under the CSA, and the CSA necessarily prescribes felony punishment for that conduct. *See Moncrieffe*, 133 S. Ct. at 1685.

- 12 -

Mr. Diaz argues this analysis ignores that his conviction was *also* a violation of § 13-3405(B)(3), which states:  "A person who violates . . . Subsection A, paragraph 1 of this section involving an amount of marijuana *not possessed for sale* having a weight of four pounds or more is guilty of a class 4 felony."  Ariz. Rev. Stat. § 13-3405(B)(3) (emphasis added).  He points to the inconsistency between subsection (A)(2), which prohibits possession of marijuana *for sale*, and subsection (B)(3), which references possession of marijuana *not for sale*.  Mr. Diaz first contends that we must presume that his conviction rested only upon the least of the acts criminalized by these two subsections, i.e., simple possession of marijuana. *See Moncrieffe*, 133 S. Ct. at 1684; *see also Lopez*, 549 U.S. at 60 (noting a charge of simple possession of drugs is not a federal felony regardless of the quantity).  In other words, he insists that we ignore his conviction under § 13-3405(A)(2).  But this contention misconstrues *Moncrieffe*, in which the Court stated that the presumption Mr. Diaz asserts does not apply when "a court may determine which particular offense the noncitizen was convicted of by examining [certain judicial records]." 133 S. Ct. at 1684.

As to the record of his conviction, Mr. Diaz maintains that the conflicting references to §§ 13-3405(A)(2) and (B)(3) in the sentencing order and his plea agreement render the record sufficiently ambiguous that it is not possible to determine the nature of his conviction.  But whatever the Arizona court's intent was

in citing subsection (B)(3),[3] its reference to that section does not negate the fact that Mr. Diaz pleaded guilty to "Attempted Possession of Marijuana for Sale," expressly in violation of § 13-3405(A)(2). Admin. R. at 811, 821-22.

Finally, Mr. Diaz argues that his Arizona conviction is not an aggravated felony because he was only sentenced to probation. But neither the sentence he received nor the punishment possible under state law for his offense is relevant to our analysis. The sole question is whether he was convicted of an offense that is *punishable* as a felony under the CSA. *See Lopez*, 549 U.S. at 60.

Because Mr. Diaz has been convicted of an offense punishable as a felony under the CSA, his conviction qualifies as an aggravated felony, and the BIA did not err in holding that he is ineligible for cancellation of removal.[4]

The petition for review is dismissed in part and otherwise denied.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[3]     The Attorney General suggests it is likely a typographical error because a different subsection defines the circumstances under which possession of marijuana for sale constitutes a class 3 felony. *See* Ariz. Rev. Stat. § 13-3405(B)(5) (1999). We tend to agree, but we need not resolve that question.

[4]     We agree with the Attorney General that Mr. Diaz has not adequately presented any other claim in his opening brief. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

- 14 -