**UNITED STATES COURT OF APPEALS**

**May 10, 2011**

**FOR THE TENTH CIRCUIT**

FELIX SANCHEZ
RODRIGUEZ-HEREDIA,

        Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

        Respondent.

Nos. 10-9531 & 10-9540
(Petition for Review)

**ORDER**

Before **HOLMES** and **McKAY**, Circuit Judges, and **PORFILIO**, Senior Circuit
Judge.

Respondent's motion for publication of the Court's Order and Judgment,

filed April 15, 2011, is granted. The opinion, filed nunc pro tunc to it's original

filing date, is attached to this order.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

April 15, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FELIX SANCHEZ
RODRIGUEZ-HEREDIA,

Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

Nos. 10-9531 & 10-9540

---

**PETITIONS FOR REVIEW OF DECISIONS OF THE
BOARD OF IMMIGRATION APPEALS**

---

Submitted on the briefs:[*]

Kimberly J. Trupiano, Trupiano Law, P.C., Salt Lake City, Utah, for Petitioner.

John S. Hogan, Senior Litigation Counsel, Channah M. Farber, Trial Attorney,
Office of Immigration Litigation, Civil Division, U.S. Department of Justice,
Washington, D.C., for Respondent.

---

Before **HOLMES** and **McKAY**, Circuit Judges, **PORFILIO**, Senior
Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.

**PORFILIO**, Senior Circuit Judge.

In these consolidated matters, petitioner Felix Sanchez Rodriguez-Heredia, a native and citizen of Mexico, petitions for review of two decisions of the Board of Immigration Appeals (BIA). In No. 10-9531, he seeks review of the BIA's dismissal of an appeal from a decision by an immigration judge (IJ) denying his request for a change in custody status. We dismiss this petition as moot because Mr. Rodriguez was released from detention and removed from the United States on July 30, 2010. In No. 10-9540, he seeks review of a final order of removal issued by the BIA dismissing an appeal from an IJ's determination that he was not eligible for cancellation of removal due to his conviction of a crime involving moral turpitude. We deny this petition because Mr. Rodriguez's conviction of identity fraud under Utah law is a crime involving moral turpitude.

## I. Background

Mr. Rodriguez entered the United States without inspection at an unknown place on an unknown date. On May 6, 2009, he pleaded guilty to one count of identity fraud in violation of Utah Code Annotated § 76-6-1102 for using another person's social security number to obtain employment. He was issued a notice to appear, which charged him with removability under 8 U.S.C. § 1182(a)(6)(A)(i) as "[a]n alien present in the United States without having been admitted or paroled." At hearings before an IJ, he conceded removability but requested

cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1). He also requested a change in custody status, namely, release from detention.

The IJ denied his change of custody request, and the BIA later dismissed his appeal of that decision. In a separate decision, the IJ determined that Mr. Rodriguez was not eligible for cancellation of removal because his fraud conviction constituted a crime involving moral turpitude and precluded him from establishing good moral character. *See* 8 U.S.C. § 1229b(b)(1) (requiring, among other things, that to be eligible for cancellation of removal, an alien must have been "of good moral character" in the ten years immediately preceding his application and must not have been convicted of a crime under 8 U.S.C. § 1182(a)(2), which includes a crime involving moral turpitude). The BIA dismissed an appeal of that decision, concluding that, under the categorical approach, the conviction under the state statute required a specific intent to defraud, an element, it said, that has always been found to involve moral turpitude. The BIA further concluded that, even under the modified categorical approach, the specific facts of Mr. Rodriguez's offense constituted a crime involving moral turpitude—he "signed an Employment Eligibility Verification (Form I-9) and affirmed that the social security number on the form was his," and he "listed a resident alien number on the form that was not his and indicated that he was a lawful permanent resident." No. 10-9540, Admin. R. at 5. Accordingly,

-3-

the BIA concluded that Mr. Rodriguez had not established his eligibility for cancellation of removal.

## II. Discussion

### A. No. 10-9531

We first address the petition for review in No. 10-9531. Mr. Rodriguez seeks review of the BIA's dismissal of his appeal from the IJ's denial of his request for release from detention. Respondent filed a motion to dismiss for lack of jurisdiction on the ground that under 8 U.S.C. § 1252(a)(1), this court has jurisdiction to review only final orders of removal, and the denial of Mr. Rodriguez's change in custody status was not a final order of removal. However, we need not resolve that issue. Respondent has since informed the court that on July 30, 2010, Mr. Rodriguez was released from detention and removed from the United States. Because Mr. Rodriguez is no longer in custody and did not seek damages, the petition for review in 10-9531 is moot. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (concluding that an appeal from a district court's denial of an alien's habeas challenge to the legality of detention without an opportunity for bond or a bond hearing was mooted by the alien's release from custody and removal, where alien did not seek damages). Mr. Rodriguez suggests that we apply the exception to mootness for issues "capable of repetition yet evading review," *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002), because there is a likelihood that he would be paroled back into

-4-

the United States and subject to further detention while continuing his removal proceedings. This argument, however, is wholly dependent on a favorable decision on his merits petition in No. 10-9540. As we proceed to discuss, the BIA correctly determined that Mr. Rodriguez is not eligible for cancellation of removal, and therefore the exception to mootness he urges is inapplicable.

### B. No. 10-9540

Turning to the petition for review in No. 10-9540, Mr. Rodriguez challenges the BIA's determination that his fraud conviction constitutes a crime involving moral turpitude and that he therefore failed to meet his burden of establishing his eligibility for cancellation of removal under 8 U.S.C. § 1229b(b)(1). There is a general jurisdictional bar to our review of "any judgment regarding the granting of" cancellation under § 1229b(b). 8 U.S.C. § 1252(a)(2)(B)(i). But we have jurisdiction under § 1252(a)(2)(D) to review "constitutional claims and questions of law" relating to relief under § 1229b(b), *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009) (internal quotation marks omitted), *cert. denied*, 130 S. Ct. 2092 (2010), provided that, as here, such issues arise in a petition for review of a final removal order, *Hamilton v. Gonzales*, 485 F.3d 564, 568 (10th Cir. 2007). Whether a conviction constitutes a crime involving moral turpitude is a question of law that we review de novo. *See Garcia v. Holder*, 584 F.3d 1288, 1289 & n.2 (10th Cir. 2009). Because "a single member of the BIA decided [Mr. Rodriguez's] appeal and

-5-

issued a brief opinion, we review the BIA's decision as the final agency determination." *Kechkar v. Gonzales*, 500 F.3d 1080, 1083 (10th Cir. 2007) (internal quotation marks omitted).[1]

To determine whether a state conviction is a crime involving moral turpitude, we ordinarily employ the categorical approach. *Hamilton v. Holder*, 584 F.3d 1284, 1286-87 (10th Cir. 2009). Under that approach, we are "initially . . . limited to considering the statutory definition of the crime, not the underlying factual circumstances of the crime." *Id.* at 1287 n.4. Our inquiry focuses on whether the "state statute creates a crime outside the generic definition of a listed crime in a federal statute." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). This "requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Id.* Thus, we ask here if Mr. Rodriguez has established that there is a realistic probability that Utah Code Annotated § 76-6-1102 would be applied to reach conduct that is not a crime involving moral turpitude. To meet his burden, "he must at least point to his own case or

---

[1]     Although we also may consider the IJ's decision for a further explanation of the grounds for the agency's decision, *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006), we need not do so in this case.

other cases in which the state courts in fact did apply the statute in the special

(nongeneric) manner for which he argues." *Duenas-Alvarez*, 549 U.S. at 193.

Mr. Rodriguez pleaded guilty to a third-degree felony under Utah Code

Annotated § 76-6-1102. *See* Admin. R. at 44. In relevant part, the statute

provides:

> (2)(a) A person is guilty of identity fraud when that person:
>
> (i) obtains personal identifying information of another person whether that person is alive or deceased; and

(ii) knowingly or intentionally uses, or attempts to use, that information *with fraudulent intent*, including to obtain, or attempt to obtain, credit, goods, services, employment, any other thing of value, or medical information.

> (b) It is not a defense to a violation of Subsection (2)(a) that the person did not know that the personal information belonged to another person.
>
> (3) Identity fraud is:
>
> (a) except as provided in Subsection (3)(b)(ii), a third degree felony if the value of the credit, goods, services, employment, or any other thing of value is less than $5,000; or
>
> (b) a second degree felony if:

(i) the value of the credit, goods, services, employment, or any other thing of value is or exceeds $5,000; or

> (ii) the use described in Subsection (2)(a)(ii) of personal identifying information results, directly or indirectly, in bodily injury to another person.

Utah Code Ann. § 76-6-1102 (emphasis added).  Significantly, as the emphasized

language in subsection (2)(a)(ii) shows, the statute requires proof of a specific

intent to defraud in all circumstances.  Although "crime involving moral

turpitude" is not defined by statute, we have said that "[m]oral turpitude refers to

conduct which is inherently base, vile, or depraved, contrary to the accepted rules

of morality and the duties owed between man and man, either one's fellow man or

society in general."  *Wittgenstein v. INS*, 124 F.3d 1244, 1246 (10th Cir. 1997)

(internal quotation marks omitted).  Applying this concept, we have followed

Supreme Court precedent making it "'plain that crimes in which fraud was an

ingredient have always been regarded as involving moral turpitude.'"  *Id.* (quoting

*Jordan v. De George*, 341 U.S. 223, 232 (1951)).

Mr. Rodriguez has not directed us to, nor have we found, any Utah cases

applying the Utah statute to conduct that did not involve fraudulent intent.  And

because this is an element of every conviction under the plain language of the

statute, he cannot do so with regard to his own case.  Instead, the main theme

running throughout his opening appellate brief is that the statute can reach

conduct where the value of the thing obtained, including employment, is zero.

*See, e.g.*, Pet'r's Opening Br. at 12, 13, 27, 32, 36, 43, 46, 52.[2]  He claims that in

---

[2]   We must pause here to correct a misinterpretation of the BIA's decision
that occurs repeatedly in various forms in Mr. Rodriguez's opening brief—that
"the BIA conceded that [his] argument was correct that a crime involving merely

(continued...)

order for a fraud crime to constitute a crime involving moral turpitude for immigration purposes, the alien must have obtained something of value. He contends that he only obtained employment, which can have as little as zero value.[3]

The problem with his fraud-plus-value arguments is that value appears irrelevant to whether fraud crimes are crimes of moral turpitude. Mr. Rodriguez has pointed us to no controlling case law, nor have we found any, in which a complete lack of value in the thing obtained by fraud precluded a finding that a conviction under a statute requiring proof of fraudulent intent was a crime involving moral turpitude. We are not persuaded differently by any of the cases that Mr. Rodriguez relies on in support of his fraud-plus-value arguments, as none of those involved an alien seeking cancellation of removal after being convicted for an offense requiring proof of fraudulent intent.

---

[2](...continued)
the act of giving a false statement without seeking or obtaining anything of value is not categorically a [crime involving moral turpitude]." Pet'r's Opening Br. at 14; *see also id.* at 3, 12, 13, 16-17, 21, 29-30, 36, 53-54. The BIA acknowledged this argument but rejected it. *See* Admin. R. at 4-5.

[3]     We note that it is unclear whether value must be proved for a conviction under the Utah statute. *Compare State v. Valdez*, 78 P.3d 627, 631 (Utah App. 2003) (stating that "the identity fraud statute contains a proof of value element" and that "[t]he State must . . . prove beyond a reasonable doubt, at trial, the value of what was attained") *with State v. Chukes*, 71 P.3d 624, 628 (Utah App. 2003) (stating that "[i]dentity fraud does not require that the defendant in fact obtained something of value").

But even if we agreed that obtaining something of value is necessary for a conviction under the Utah statute to constitute a crime involving moral turpitude, our conclusion would be the same. We would then have to look at the specific facts of Mr. Rodriguez's conviction under the modified categorical approach. Under the modified approach, in a non-jury case such as this, we may consider the "charging documents," the "'written plea agreement, [the] transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *Hamilton*, 584 F.3d at 1287 n.4 (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)). We may also consider a presentence report. *Hamilton*, 584 F.3d at 1287-88.

In his plea agreement, Mr. Rodriguez admitted that he "presented personal identifying information belonging to another person to . . . obtain employment" and "represented that [the] information was in fact [his] when it was not." Admin. R. at 45. Employment is listed as one of the things of value in Utah Code Annotated § 76-6-1102(2)(a)(ii). Thus, he pleaded guilty to the fraudulent use of identifying information to obtain something of value—a job. Further, we reject his argument that employment has no value because the employee exchanges labor for money. There is value in the opportunity to work for income regardless of the fact that the employee has to work to receive income. Finally, the presentence report sets forth a verbatim copy of a handwritten statement Mr. Rodriguez gave admitting that he used the social security number to get a job

-10-

to "feed [his] family." *Id.* at 60. This statement, with which Mr. Rodriguez has not taken issue, shows once again that he admitted he sought to obtain something of value through fraudulent means.

In sum, because the Utah statute requires fraudulent intent in all circumstances regardless of whether anything of value is obtained, we conclude that it categorically describes a crime involving moral turpitude. Alternately, if value were essential to the analysis, we would conclude that Mr. Rodriguez's specific offense conduct constitutes a crime involving moral turpitude because he obtained something of value.[4]

## III. Conclusion

The petition for review in No. 10-9531 is dismissed as moot, and the petition for review in No. 10-9540 is denied. Mr. Rodriguez's motions to proceed in forma pauperis are granted in each case.

---

[4] Based on our conclusions, we need not consider Mr. Rodriguez's other claims of error with regard to the BIA's analysis under the modified categorical approach.