**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 14, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAMON RASCON GARCIA, a/k/a
Ramon Garcia-Rascon, a/k/a Ramon
Garcia, a/k/a Ramon Garcia Rascon,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 10-9585
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

Ramon Rascon Garcia, a native and citizen of Mexico, seeks review of an

order by the Board of Immigration Appeals (BIA) upholding the denial of his

application for cancellation of removal. We have jurisdiction under 8 U.S.C.

§ 1252, and we deny the petition.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

Garcia became a lawful permanent resident of the United States in 1989. Fifteen years later, in 2006, Garcia pleaded guilty in Utah state court to one count of distributing or arranging to distribute a controlled substance in a drug-free zone (a first-degree felony), and two counts of conspiring to distribute a controlled substance in a drug-free zone (second-degree felonies). For the plea's factual basis, Garcia stated:

> [I]n the month of August 2005 in Box Elder County, Utah, the defendant did arrange to distribute methamphetamine in a [drug-free zone]. Additionally, in the same County of Utah, the defendant did on two separate occasions in August of 2005, agree with two or more persons to engage in the distribution of methamphetamine; on both occasions the agreement occurred in [drug-free zones].

R. at 304.

The state court later amended Garcia's convictions on two of the three counts. It downgraded the distributing-or-arranging-to-distribute count to a second-degree felony, and it changed one of the conspiracy counts to conspiracy to arrange distribution. But the other conspiracy-to-distribute-a-controlled-substance count remained intact.

The Department of Homeland Security commenced removal proceedings against Garcia. An immigration judge (IJ) found Garcia removable as an alien convicted of a controlled-substance offense, and further found him ineligible for cancellation of removal because Garcia failed to show that he was not an

aggravated felon.  The BIA dismissed Garcia's appeal.  In doing so, the BIA preliminarily noted that Garcia was not contesting his removability.  It then focused its attention on Garcia's conviction on one count of conspiracy to distribute a controlled substance, stating that the conviction was analogous to the federal offense of conspiracy to possess a controlled substance with intent to distribute.[1]  As such, the BIA determined that Garcia had been convicted of an aggravated felony, and was therefore ineligible for cancellation of removal.

Garcia now petitions for review.

## DISCUSSION

### Jurisdiction and the Standard of Review

"Congress has eliminated judicial review of both the BIA's discretionary decisions, 8 U.S.C. § 1252(a)(2)(B), and of any final order of removal against an alien who is removable by reason of having committed certain offenses, among them aggravated felonies and controlled substance offenses, 8 U.S.C. § 1252(a)(2)(C)."  *Ballesteros v. Ashcroft*, 452 F.3d 1153, 1156 (10th Cir. 2006) (internal quotation marks omitted).  But there are exceptions to this rule, allowing us to review whether the jurisdictional bar even applies and whether a constitutional claim or a question of law has merit.  *Kechkar v. Gonzales*,

---

[1]     The parties and the record are silent as to why the BIA chose to analogize Garcia's conviction to conspiracy to possess with intent to distribute, rather than conspiracy to distribute.  Interestingly, the IJ compared Garcia's conviction to the federal crime of conspiracy to distribute.  *See* R. at 118.

500 F.3d 1080, 1083 (10th Cir. 2007). Here, Garcia presents the purely legal

question of whether his conviction for conspiring to distribute a controlled

substance constitutes an aggravated felony precluding cancellation of removal.

In reviewing the agency's decision on this point, our review is de novo, *see*

*Ritonga v. Holder*, 633 F.3d 971, 974 (10th Cir. 2011), and limited in scope to the

BIA's decision, as it was rendered by a single member of the agency who

provided a "discernible substantive discussion," *Uanreroro v. Gonzales*, 443 F.3d

1197, 1204 (10th Cir. 2006).

## Cancellation of Removal

To qualify for cancellation of removal, an alien must, among other things,

"not have been 'convicted of any aggravated felony.'" *Torres de la Cruz v.*

*Maurer*, 483 F.3d 1013, 1020 (10th Cir. 2007) (quoting 8 U.S.C. § 1229b(a)(3)).

"The term 'aggravated felony' means . . . illicit trafficking in a controlled

substance[,] . . . including a drug trafficking crime." 8 U.S.C. § 1101(a)(43)(B).

This language establishes two routes through which a state drug conviction can

qualify as an "aggravated felony." *See Daas v. Holder*, 620 F.3d 1050, 1054

(9th Cir. 2010); *Catwell v. Att'y Gen. of U.S.*, 623 F.3d 199, 206 (3d Cir. 2010).

Specifically, "a state drug conviction constitutes an aggravated felony if (a) it

would be punishable as a felony under the federal Controlled Substances Act

[21 U.S.C. §§ 801-971], or (b) it is a felony under state law and includes an illicit

trafficking element." *Catwell*, 623 F.3d at 206. In this case, the BIA followed only the former route, and we do so as well.

"[A] state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." *Lopez v. Gonzales*, 549 U.S. 47, 60 (2006). "A felony is a crime for which the maximum term of imprisonment authorized is more than one year." *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2581 (2010) (internal quotation marks omitted). To determine whether Garcia's conspiracy-to-distribute offense would fall under the Controlled Substances Act, we undertake a categorical analysis, focusing on "the generic elements of the offense." *United States v. Martinez-Candejas*, 347 F.3d 853, 858 (10th Cir. 2003); *see also Nijhawan v. Holder*, 129 S. Ct. 2294, 2300 (2009) (characterizing trafficking offenses under § 1101(a)(43)(B) as generic crimes warranting a categorical approach).

Utah's distribution statute makes it unlawful for any person to "knowingly and intentionally . . . distribute a controlled or counterfeit substance, or to agree, consent, offer, or arrange to distribute a controlled or counterfeit substance." Utah Code Ann. § 58-37-8(1)(a)(ii). Further, Utah's conspiracy statute provides that "a person is guilty of conspiracy when he, intending that conduct constituting a crime be performed, agrees with one or more persons to engage in or cause the performance of the conduct and any one of them commits an overt act in pursuance of the conspiracy." *Id.* § 76-4-201.

The federal Controlled Substances Act makes it "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). A conspiracy to commit such a drug trafficking offense is "subject to the same penalties as those prescribed for" the object of the conspiracy, *id.* § 846, and requires (1) "an agreement to violate the law"; (2) knowledge of "the essential objectives of the conspiracy"; (3) knowing and voluntary involvement in the conspiracy; and (4) interdependence among the co-conspirators, *United States v. Isaac-Sigala*, 448 F.3d 1206, 1210 (10th Cir. 2006).

Garcia argues that his state offense does not correspond to a federal felony because "the Amended Information and the Judgment[ ] make no reference to the particular drug type that was purportedly involved in the conspiracy conviction." Aplt. Br. at 24. Implicit within this argument is the fact that there are some controlled substances whose distribution is not a federal felony. *See* 21 U.S.C. § 841(b)(3) (Schedule V narcotics) & (4) ("small amount of marihuana"). While the amended information and judgment are silent as to the type of controlled substance at issue, the plea agreement is not—it specifically references methamphetamine. "When the underlying statute reaches a broad range of conduct, some of which would constitute an aggravated felony and some of which would not, courts resolve the ambiguity by consulting reliable judicial records,

-6-

such as the . . . plea agreement, or plea colloquy." *Vargas v. Dep't of Homeland Security*, 451 F.3d 1105, 1109 (10th Cir. 2006) (internal quotation marks omitted); *see, e.g.*, *Rodriguez-Heredia v. Holder*, 639 F.3d 1264, 1269 (10th Cir. 2011) (consulting alien's plea agreement and presentence report to determine whether alien's state fraud conviction was a crime involving moral turpitude). Thus, examination of the plea agreement, under a modified categorical approach, is appropriate and reveals that Garcia's state conviction is an aggravated felony. Specifically, when the controlled substance is methamphetamine, as it is here, any type or quantity involved is punishable as a felony. *See* 21 U.S.C. § 841(b).[2]

Garcia also contends that his state conviction is not analogous to a federal conspiracy conviction because federal law requires "interdependence among the alleged conspirators," but Utah law does not. Aplt. Br. at 22. We disagree. The requirement for interdependence among co-conspirators in federal law, *see Isaac-Sigala*, 448 F.3d at 1210, is also present in Utah's conspiracy statute, Utah Code Ann. § 76-4-201. In particular, "[i]nterdependence is established when each co-conspirators' actions are necessary to accomplish a common, illicit goal." *United States v. Wardell*, 591 F.3d 1279, 1291 (10th Cir. 2009) (internal

---

[2] Garcia further argues that the substantive offense underlying his conspiracy conviction is not necessarily distribution. He points out that Utah Code Ann. § 58-37-8(1)(a)(ii) proscribes "arrang[ing] to distribute" a controlled substance, as well as the actual distribution of a controlled substance, and that 21 U.S.C. § 841(a)(1) lacks an "arranging" proscription. Nevertheless, as the plea agreement indicates, the substantive offense underlying Garcia's conspiracy conviction was not "arranging to distribute," but rather, distribution.

-7-

quotation marks omitted). Utah's conspiracy statute includes interdependence by requiring the defendant to agree with another person "to engage in or cause the performance of . . . conduct" with the intent that "a crime be performed." Utah Code Ann. § 76-4-201. Thus, by essentially requiring that a defendant's activities facilitate the conspiratorial objective, Utah mandates interdependence among co-conspirators. *See Wardell*, 591 F.3d at 1291.

Finally, Garcia focuses on the possession aspect of the federal offense identified by the BIA (conspiracy to possess a controlled substance with intent to distribute). He states that possession is not an element of the distribution offense underlying his Utah conviction, and therefore, his state conviction is not analogous to the designated federal offense.

The BIA determined that possession is not required in order to be convicted of a conspiracy to possess with intent to distribute. That is true, but it oversimplifies the necessary comparative analysis. While "it is possible to conspire to commit [possession with intent to distribute] without actually committing the [underlying] offense[s]" itself, *United States v. Horn*, 946 F.2d 738, 744-45 (10th Cir. 1991), the object of the conspiracy is still possession. Garcia was not convicted of conspiring to possess anything, and the plea agreement does not mention possession.

Nevertheless, the BIA's error is harmless. *See Ngarurih v. Ashcroft*, 371 F.3d 182, 191 n.8 (4th Cir. 2004) ("Harmless-error analysis applies in

immigration cases."); *see, e.g.*, *Nazaraghaie v. INS*, 102 F.3d 460, 465 (10th Cir. 1996) (stating that the BIA's purported failure to consider the entire record was harmless because "the result in [the] case would be no different" if the case were remanded). Had the BIA compared Garcia's conviction for conspiracy to distribute a controlled substance to the federal offense of conspiracy to distribute a controlled substance, possession would not be an issue. *See Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir. 1996) ("Possession has not been found to be a distinct, essential element of the crime of distribution, let alone conspiracy to distribute."). Garcia's conviction clearly corresponds to the federal felony offense of conspiracy to distribute.[3]

We conclude that Garcia's Utah conspiracy conviction was the equivalent of a felony under the federal Controlled Substances Act. Thus, his conviction constitutes an aggravated felony, precluding cancellation of removal.

---

[3] Garcia also argues that his convictions for distributing or arranging to distribute a controlled substance and conspiring to arrange distribution of a controlled substance are not aggravated felonies. We do not reach these arguments because the BIA focused only on Garcia's conviction for conspiring to distribute a controlled substance, which as an aggravated felony, is sufficient to preclude cancellation of removal.

## CONCLUSION

The petition for review is DENIED.  Garcia's request to proceed IFP on appeal is GRANTED.

Entered for the Court


Stephen H. Anderson
Circuit Judge