**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CRISTOBAL NUNEZ-ROBLES,
a/k/a FIDEL NUNEZ-MUNIZ,

     Petitioner,

v.

JEFFERSON B. SESSIONS, III,
United States Attorney General,

     Respondent.

Nos. 16-9538 & 17-9510
(Petitions for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

    An Immigration Judge (IJ) denied Cristobal Nunez-Robles's application for

cancellation of removal because his inconclusive criminal records were insufficient

to satisfy his burden to show that he has not been convicted of a disqualifying

offense. The Board of Immigration Appeals (BIA) dismissed his appeal and denied

his motion to reopen. Mr. Nunez-Robles petitions for review of both BIA orders.

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Our jurisdiction arises under 8 U.S.C. § 1252(a). We dismiss the petitions for review for lack of jurisdiction to the extent that Mr. Nunez-Robles raises an unexhausted due-process claim. We otherwise deny his petitions for review.

## I.    Background

Mr. Nunez-Robles is a native and citizen of Mexico who entered the United States without being admitted or paroled.[1] After conceding removability as charged in the government's notice to appear, he applied for cancellation of removal under 8 U.S.C. § 1229b(b). In support of his application, he submitted a chart summarizing his lengthy criminal history, including arrests in California for "Corporal Injury to Wife" in 1986 and "Petty Theft" in 1988. Admin. R. at 213. As to each of these arrests, the chart indicated "Disposition Unknown as records are not available." *Id*.

The IJ denied Mr. Nunez-Robles's cancellation application, holding that he failed to satisfy his burden to establish his eligibility for relief from removal. In particular, he failed to demonstrate that he has not been convicted of a disqualifying offense, such as a crime involving moral turpitude (CIMT). The IJ noted the lack of disposition records regarding his petty-theft and corporal-injury-to-wife arrests. Moreover, the record also failed to identify the statutes underlying these charges, which precluded an analysis whether the offenses qualified as CIMTs. Regarding Mr. Nunez-Robles's unsuccessful attempts to obtain the relevant records, the IJ

---

[1] Although he stated in his application for cancellation of removal that he first entered the United States in 1995, other evidence in the record indicates that he was in the United States as early as 1979. *See* Admin. R. at 213, 220. (Citations to the record are to the administrative record filed in Appeal No. 17-9510.)

stated, "The destruction of records does not absolve a respondent of his responsibility of establishing eligibility for the relief requested." *Id.* at 93. The IJ therefore denied Mr. Nunez-Robles's cancellation application because, on the record presented, he failed to demonstrate that he had not been convicted of a CIMT.

Mr. Nunez-Robles appealed the IJ's decision to the BIA. He attached to his appeal brief a document he refers to as his "RAP sheet," *id.* at 18, which he represented was a report of his criminal history from the FBI's National Crime Information Center database. He argued that he did not need to submit this document in support of his cancellation application because the IJ and the BIA could take administrative notice of its contents.

Mr. Nunez-Robles's RAP sheet provided no conclusive information about his 1988 arrest for petty theft. He argued that it did reveal further information regarding his 1986 arrest for corporal injury to wife. According to Mr. Nunez-Robles, his RAP sheet disclosed the statute underlying that arrest—California Penal Code § 273.5— and it noted that he was released. *See* Admin. R. at 65 (noting "273 5" and "Sentence – Released"). But the RAP sheet also revealed an additional arrest in 1988 for "spousal abuse," which Mr. Nunez-Robles acknowledged "appears to have resulted in a conviction." *Id.* at 58; *see id.* at 66 (noting "Sentence – Transported to Fresno CO jail").

In his BIA appeal, Mr. Nunez-Robles contended that the record, as supplemented by his RAP sheet, was sufficient to satisfy his burden to show that he had not been convicted of a CIMT. In particular, he argued (1) that his

3

corporal-injury-to-wife arrest did not result in a conviction; (2) if he was convicted of petty theft, that conviction may be a non-disqualifying petty offense; and (3) a conviction for spousal abuse under California Penal Code § 237.5 is not a CIMT. He also argued that the BIA should apply the Attorney General's new decision in *Matter of Silva-Trevino*, 26 I. & N. Dec. 550 (A.G. 2015), in evaluating whether any of his offenses are CIMTs.

The BIA dismissed Mr. Nunez-Robles's appeal. It found "no reason to disturb the [IJ's] decision finding that he did not meet his burden in establishing eligibility for cancellation of removal . . . because he did not show that any of his numerous criminal convictions, such as his California petty theft and corporal injury to his wife convictions, is not a disqualifying offense." *Id.* at 37. The BIA cited this court's decision in *Garcia v. Holder*, 584 F.3d 1288, 1289-90 (10th Cir. 2009), holding that an inconclusive record does not satisfy an alien's burden to prove the absence of a CIMT conviction. In reaching its decision, the BIA did not expressly consider Mr. Nunez-Robles's RAP sheet. *See* Admin. R. at 37 (citing only the IJ's decision and "Ex. 3," which is Mr. Nunez-Robles's criminal history chart, *see id.* at 208-13).

Following dismissal of his BIA appeal, Mr. Nunez-Robles filed a motion to reopen. He re-submitted his RAP sheet, arguing that it was admissible to prove his criminal convictions and that it resolved any ambiguity in the record. He also contended that (1) under *Moncrieffe v. Holder*, 569 U.S. 184, 133 S. Ct. 1678 (2013), the BIA must apply a presumption in his favor where his conviction records are inconclusive, and (2) the analysis to determine whether an offense is a CIMT had

4

fundamentally changed under *Silva-Trevino* and recent Supreme Court and Tenth Circuit decisions. Mr. Nunez-Robles then repeated essentially the same contentions from his BIA appeal brief as to why the offenses of corporal injury to wife, petty theft, and spousal abuse are not CIMTs.

The BIA denied his motion to reopen.[2] It first held that its own new decision in *Matter of Silva-Trevino*, 26 I. & N. Dec. 826 (BIA 2016), "which sets forth the appropriate analysis for determining when a conviction constitutes a [CIMT]," did not affect Mr. Nunez-Robles's eligibility for cancellation of removal because the IJ did not find that any of his convictions were CIMTs; rather, the IJ held that he failed to meet his burden to demonstrate that his numerous convictions are not disqualifying offenses. Admin. R. at 4. The BIA also concluded that his RAP sheet did not provide sufficient evidence to meet his burden of proof, citing *Garcia*, 584 F.3d at 1289-90.

## II.    Discussion

### A.    Jurisdiction

In dismissing Mr. Nunez-Robles's appeal, the BIA affirmed the IJ's denial of his application for cancellation of removal. Under 8 U.S.C. § 1252(a)(2)(B), we generally lack jurisdiction to review denials of discretionary relief. *Garcia*, 584 F.3d at 1289 n.2. But § 1252(a)(2)(D) preserves our jurisdiction to review "questions of

---

[2] The BIA also construed his motion, in part, as a motion to reconsider, which it denied as untimely. Mr. Nunez-Robles does not challenge that ruling in his petition for review.

law." Under that section, we have jurisdiction to review "the purely legal determination that Mr. [Nunez-Robles's] inconclusive record of conviction was not sufficient to satisfy his burden of proof under 8 C.F.R. § 1240.8(d)." *Garcia*, 584 F.3d at 1289 n.2.

We may not, however, review claims that Mr. Nunez-Robles failed to exhaust with the BIA. *See Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999) (per curiam); 8 U.S.C. § 1252(d)(1) (granting jurisdiction to review a final order of removal if "the alien has exhausted all administrative remedies available to the alien as of right"). He did not raise in his BIA appeal or his motion to reopen his claim that the IJ violated his right to procedural due process by denying him a merits hearing on his application for cancellation of removal. Although, as a general matter, we have not required exhaustion of constitutional claims because the BIA "lacks authority to resolve constitutional questions," "objections to procedural errors or defects that the BIA could have remedied must be exhausted even if the alien later attempts to frame them in terms of constitutional due process on judicial review." *Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008). Because Mr. Nunez-Robles's due-process claim asserts such an "administratively correctable procedural defect," *id.* at 1095, it is subject to the exhaustion bar. We therefore dismiss his petitions for review for lack of jurisdiction to the extent that he asserts this unexhausted due-process claim.

6

**B. Standards of Review**

Because a single member of the BIA entered a brief order dismissing Mr. Nunez-Robles's appeal pursuant to 8 C.F.R. § 1003.1(e)(5), we review the BIA's decision as the final order of removal. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1203-04 (10th Cir. 2006). "We review the BIA's legal determinations de novo." *Ferry v. Gonzales*, 457 F.3d 1117, 1126 (10th Cir. 2006).

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004); 8 C.F.R. § 1003.2(a). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Infanzon*, 386 F.3d at 1362 (internal quotation marks omitted).

**C. Eligibility for Cancellation of Removal**

"An alien who has conceded removability has the 'burden of establishing that he or she is eligible for any requested benefit or privilege and that it should be granted in the exercise of discretion.'" *Garcia*, 584 F.3d at 1289 (quoting 8 C.F.R. § 1240.8(d)). An applicant for cancellation of removal must prove (among other things) that he has not been convicted of certain types of offenses, including a CIMT. *See* 8 U.S.C. §§ 1229b(b)(1)(C) and 1182(a)(2)(A)(i)(I). "Moral turpitude refers to conduct which is inherently base, vile, or depraved, contrary to the accepted rules of morality and the duties owed between man and man, either one's fellow man or society in general." *Rodriguez-Heredia v. Holder*, 639 F.3d 1264, 1268 (10th Cir.

7

2011) (alteration and internal quotation marks omitted). "To determine whether a state conviction is a [CIMT], we ordinarily employ the categorical approach," under which we consider only the statutory definition of the offense, without regard to the particular factual circumstances of the alien's conviction. *Id.* at 1267.

As we held in *Garcia*, however, if an alien's conviction record is inconclusive as to whether he has been convicted of a CIMT, he fails to satisfy his obligation to prove his eligibility for cancellation of removal. 584 F.3d at 1289-90. Thus, in *Garcia* we rejected the alien's contention that he met that burden when the record established only that the crime he committed "was not necessarily a CIMT." *Id.* at 1290 (internal quotation marks omitted). Moreover, "[t]he fact that [the alien] is not to blame for the ambiguity surrounding his criminal conviction[s] does not relieve him of his obligation to prove eligibility for discretionary relief." *Id.*

Against this background, we hold that Mr. Nunez-Robles has not shown error in either of the BIA's decisions.

### D.      Dismissal of BIA Appeal

Mr. Nunez-Robles argues that the record—including his RAP sheet—is sufficient to satisfy his burden to demonstrate that he has not been convicted of a CIMT. But he did not file his RAP sheet in support of his cancellation application in the Immigration Court, and the IJ did not base her decision on it. Under the BIA's procedures, it "considers only that evidence that was admitted in the proceedings below," and the submission of new evidence on appeal "may be deemed a motion to remand" to the IJ. Board of Immigration Appeals Practice Manual 4.8, at 67

8

(relevant page last revised February 3, 2017), *available at*

https://www.justice.gov/eoir/board-immigration-appeals-2; *see also Matter of*

*Fedorenko*, 19 I. & N. Dec. 57, 74 (BIA 1984) ("[A]ll evidence which is pertinent to

determinations made during deportation proceedings . . . must be adduced in the

hearing before the [IJ].").  Here, the BIA did not expressly address

Mr. Nunez-Robles's RAP sheet in dismissing his appeal, and we will not assume that

it ignored its own rules.  Rather, citing his criminal history chart that he filed in

support of his cancellation application, the BIA held that the record was inconclusive

and therefore insufficient to satisfy his burden to demonstrate eligibility for

cancellation of removal.

Our review of the BIA's decision on Mr. Nunez-Robles's appeal is likewise

limited to the record before the IJ.  *See Solomon v. Gonzales*, 454 F.3d 1160, 1163-64

(10th Cir. 2006).  But he does not contend that the record, *not including* his RAP

sheet, is sufficient to satisfy his burden of proof for cancellation of removal.  He does

argue, as he did in his BIA appeal, that the IJ and the BIA could have taken

administrative notice of the contents of his RAP sheet.  He appears to maintain that

he was therefore relieved of any burden to file that document in support of his

cancellation application.  For this proposition, Mr. Nunez-Robles cites 8 C.F.R.

§ 1003.1(d)(3)(iv), which permits the BIA to "tak[e] administrative notice of

9

commonly known facts such as . . . the contents of official documents."[3]  Assuming, arguendo, that the agency could have taken administrative notice of his RAP sheet, Mr. Nunez-Robles cites no authority supporting his contention that it was error for either the IJ or the BIA not to do so here.  Consequently, we deny his petition for review of the BIA's order dismissing his appeal.

### E.      Denial of Motion to Reopen

With his RAP sheet properly before the BIA via his motion to reopen, Mr. Nunez-Robles again argued that the record was sufficient to satisfy his burden to show he has not been convicted of a CIMT.  But the BIA was not persuaded that any new information in that document would change the result in his case. Mr. Nunez-Robles disagrees.  He maintains that "[t]he main issue at trial was that the Petitioner could not demonstrate IF he was convicted, not whether the offenses were disqualifying CIMT offenses."  Aplt. Opening Br. at 15.  He therefore argues that, assuming his arrests resulted in convictions, "the Court should be able to review the records, including the RAP sheet[,] to determine under the law whether the offenses amount [to] disqualifying offenses."  *Id.*

---

[3] Mr. Nunez-Robles also cites the BIA's unpublished decision in *In re Qatanani*, 2014 WL 2919274 (BIA May 13, 2014) (unpublished), which does not support his contention.  In *Qatanani*, the BIA took administrative notice, pursuant to § 1003.1(d)(3)(iv), of the filings in a district court FOIA action to determine what documents covered by an IJ's subpoena had already been produced.  *See id.* at *4 & n.4.  The BIA did not take administrative notice of evidence supporting an alien's burden to demonstrate his eligibility for discretionary relief.

10

We are not persuaded that the RAP sheet resolves the ambiguity in Mr. Nunez-Robles's conviction records.  As we have noted, the IJ called out the lack of information in the record regarding the statutes underlying his petty-theft and corporal-injury-to-wife arrests.  *See* Admin. R. at 96.  His RAP sheet did not provide all of the pertinent information because it failed to identify the statute underlying his petty-theft arrest.[4]  And it revealed another California conviction—for spousal abuse—once again with no indication of the applicable statute.

Mr. Nunez-Robles argues that his RAP sheet did reveal the statute underlying his corporal-injury-to-wife arrest[5] and also showed that he was not convicted of that offense.  But even if the BIA construed the RAP sheet as demonstrating these facts, it still did not resolve the continuing ambiguity in the record as to his other offenses that may be CIMTs.  Thus, even supplemented by his RAP sheet, Mr. Nunez-Robles's conviction records remain inconclusive.  Consequently, they are

---

[4] Despite this lack of evidence, Mr. Nunez-Robles speculates that his petty-theft arrest was under one of two different sections of the California Penal Code.  He then asserts that the offense may not be a CIMT, or it might be a non-disqualifying petty offense.  Thus, even if the record disclosed the applicable statute(s), his contentions would be insufficient to meet his burden of proof on that offense.  *See Garcia*, 584 F.3d at 1290 (rejecting alien's contention that he need only show that his offense was not necessarily a CIMT).

[5] Mr. Nunez-Robles argues that a conviction under that statute—California Penal Code § 273.5—is not categorically a CIMT, but the case law he cites does not support the proposition that corporal injury *to wife* is not a CIMT.  *See Cervantes v. Holder*, 772 F.3d 583, 588 (9th Cir. 2014) ("Our precedents make clear that although § 273.5(a) is not categorically a CIMT, it is a divisible statute for which a conviction under one portion of the statute (corporal injury against a spouse) will qualify as a CIMT, while conviction under other subsections (for example, corporal injury against a cohabitant) will not.").

11

insufficient under *Garcia* to satisfy his burden "to prove the absence of any impediment to discretionary relief." 584 F.3d at 1290.

Changing tack, Mr. Nunez-Robles contends that the BIA erred by failing to construe any ambiguity in his conviction records in his favor. For this proposition, he cites the Supreme Court's decision in *Moncrieffe*, in which the issue was whether an alien's state conviction for marijuana distribution was categorically an aggravated felony, making him subject to removal. *See* 569 U.S. at 187. The Court ultimately concluded it was unclear whether the alien's offense was punishable as a felony or as misdemeanor under the federal generic drug-trafficking crime. *Id.* at 194. And ambiguity on that point meant that the alien's marijuana-distribution conviction did not qualify as an aggravated felony under the categorical approach. *Id.* at 195.

Mr. Nunez-Robles asserts that *Garcia* is no longer good law after *Moncrieffe*. But we recently rejected that contention in *Lucio-Rayos v. Sessions*, 875 F.3d 573, 583-84 (10th Cir. 2017). We distinguished the circumstances where an alien is seeking relief from removal and bears the burden of proof, from those in *Moncrieffe*, where the government bore the burden to establish, by clear and convincing evidence, a prior conviction warranting the alien's removal. *See id.* at 583. We also noted that *Moncrieffe* involved only a legal question under the categorical approach of how a state court defined an offense, rather than ambiguity in an alien's conviction records regarding what offense he committed. *See id.* We therefore held that *Moncrieffe* did not indisputably overrule *Garcia*. *Id.* Thus, contrary to Mr. Nunez-Robles's contention, *Garcia* is still good law. Accordingly, the BIA did not abuse its

12

discretion in relying on *Garcia*. We deny his petition for review of the BIA's order denying his motion to reopen.

## III. Conclusion

The petitions for review are dismissed as to Mr. Nunez-Robles's unexhausted due-process claim. They are otherwise denied.

Entered for the Court

Carolyn B. McHugh
Circuit Judge