FILED
United States Court of Appeals
Tenth Circuit

January 9, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ARACELI MARTIRES MARIN-
GONZALES, a/k/a ARACIN MARIN,

    Petitioner,

v.

JEFFERSON B. SESSIONS, III, United
States Attorney General,

    Respondent.

No. 17-9503
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

After an Immigration Judge (IJ) pretermitted her cancellation-of-removal

application based on a finding that she had a previous conviction for a crime

involving moral turpitude (CIMT), petitioner Araceli Marin-Gonzales appealed to the

Board of Immigration Appeals (BIA). The BIA dismissed her appeal and Marin-

Gonzales petitions for review. Because Marin-Gonzales fails to demonstrate that her

prior conviction isn't for a CIMT, we deny her petition.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument wouldn't materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment isn't binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1;
10th Cir. R. 32.1.

## I

Marin-Gonzales is a citizen of Mexico who entered the United States without inspection. In 2011, she pleaded guilty in Utah state court to attempted public-assistance fraud. *See* Utah Code Ann. § 76-8-1203(1)–(2) (prohibiting "intentionally, knowingly, or recklessly fail[ing] to disclose" certain "material fact[s]" when applying for public assistance); *id.* § 76-4-101(1) (defining attempt as (1) "engag[ing] in conduct constituting a substantial step toward commission of the crime" *and* (2) either "intend[ing] to commit the crime" *or* "when causing a particular result is an element of the crime, . . . act[ing] with an awareness that [the offender's] conduct is reasonably certain to cause that result").

In 2015, the Department of Homeland Security initiated removal proceedings against Marin-Gonzales. In response, she applied for cancellation of removal. The IJ pretermitted her application, concluding in relevant part that her conviction for attempted public-assistance fraud constitutes a CIMT. *See* 8 U.S.C. § 1229b(b)(1)(C) (allowing cancellation of removal for certain aliens who, inter alia, haven't "been convicted of an offense under" 8 U.S.C. § 1182(a)(2)); § 1182(a)(2)(A)(i)(I) ("[A]ny alien convicted of . . . a [CIMT] . . . is inadmissible."). In doing so, the IJ reasoned that (1) this court "has held that any crime in which fraud is an ingredient has always been regarded as involving moral turpitude," R. 56; (2) because "causing a particular result" isn't "an element of" public-assistance fraud, Utah Code Ann. § 76-4-101(1)(b)(ii), the crime of *attempted* public-assistance fraud necessarily has as an element the "inten[t] to commit the crime" of public-assistance fraud, *id.* § 76-4-

2

101(1)(b)(i); and (3) "[s]uch intentional, depraved conduct involves moral turpitude," R. 57.

Marin-Gonzales appealed to the BIA. Sitting as a single member, the BIA acknowledged that the crime of public-assistance fraud may be committed recklessly. *See* Utah Code Ann. § 76-8-1203(1)–(2). And it also recognized that "[a]s a general rule, crimes involving a reckless mental state will not be deemed to involve moral turpitude unless they are coupled with a serious statutory aggravating factor such as the death of a person or the use of a firearm." R. 5. But the BIA nevertheless concluded that "because [Marin-Gonzales] was convicted for an *attempt* to commit public[-]assistance fraud, she necessarily acted either knowingly or intentionally as one cannot logically attempt to be reckless." *Id.* (emphasis added). Thus, the BIA concluded that Marin-Gonzales' "conviction categorically constitutes a [CIMT] as a matter of law," *id.*, and dismissed her appeal. Marin-Gonzales petitions for review.

## II

Marin-Gonzales challenges the BIA's determination that her conviction for attempted public-assistance fraud constitutes a CIMT. Because this issue presents a question of law, our review is de novo. *Rodriguez-Heredia v. Holder*, 639 F.3d 1264, 1267 (10th Cir. 2011).

"[T]o determine whether a state or local offense is 'categorically' a CIMT, we compare the statutory definition of that offense with the generic definition of CIMT and consider whether the minimum conduct that would satisfy the former would necessarily also satisfy the latter." *Flores-Molina v. Sessions*, 850 F.3d 1150, 1158

(10th Cir. 2017) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013)). This "inquiry focuses on whether the 'state statute creates a crime outside the generic definition of a listed crime in a federal statute.'" *Rodriguez-Heredia*, 639 F.3d at 1267 (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). And this standard, in turn, "requires a realistic probability, not a theoretical possibility, that the [s]tate would apply its statute to conduct that falls outside the generic definition of a crime." *Id.* (quoting *Duenas-Alvarez*, 549 U.S. at 193).

Marin-Gonzales can't make that showing here. True, the government concedes that public-assistance fraud itself isn't categorically a CIMT. That's because an offender can commit public-assistance fraud by "intentionally, knowingly, or recklessly fail[ing] to disclose a material fact." Utah Code. Ann. § 76-8-1203(2). Thus, "'the least of th[e] acts' criminalized [by the statute]" is recklessly failing to disclose a material fact.[1] *De Leon v. Lynch*, 808 F.3d 1224, 1230 (10th Cir. 2015) (quoting *Moncrieffe*, 569 U.S. at 191). And in the absence of any aggravating factors, reckless offenses typically don't constitute CIMTs. *See, e.g.*, *Gomez-Perez v. Lynch*, 829 F.3d 323, 328 (5th Cir. 2016) ("Texas's assault statute can be committed by mere reckless conduct and thus does not qualify as a [CIMT], which requires a more culpable mental state."); *In Re Fualaau*, 21 I. & N. Dec. 475, 478 (BIA 1996) (noting that BIA has "never held that a crime involving reckless conduct is per se a [CIMT]";

---

[1] For purposes of this appeal, we accept the government's concession that Utah Code. Ann. § 76-8-1203(2) isn't a divisible statute. Thus, the modified categorical approach doesn't apply. *Cf. United States v. Pam*, 867 F.3d 1191, 1204 (10th Cir. 2017) (explaining that modified categorical approach applies only to divisible statutes).

instead, "to be deemed a [CIMT], the element of a reckless state of mind must be coupled with an offense involving [an aggravating factor, such as] the infliction of serious bodily injury").

But that doesn't end our inquiry. That's because Marin-Gonzales wasn't convicted of public-assistance fraud; she was convicted of *attempted* public-assistance fraud. And the BIA concluded that even if public-assistance fraud isn't categorically a CIMT, attempted public-assistance fraud is. In doing so, the BIA reasoned that attempted public-assistance fraud can only be committed "knowingly or intentionally," R. 5, because "[a] person cannot intend to commit a criminally reckless act," *id.* (quoting *Knapik v. Ashcroft*, 384 F.3d 84, 91 (3d Cir. 2004)); *see also* Utah Code Ann. § 76-4-101(1)(a), (b)(i) (defining attempt, in part, as "engag[ing] in conduct constituting a substantial step toward commission of the crime; and . . . *intend*[*ing*] to commit the crime" (emphasis added)).

Marin-Gonzales advances two challenges to this approach. First, she says the BIA's analysis ignores the fact that, under Utah law, one can attempt to commit a crime without intending to commit it. In support, she cites Utah Code Ann. § 76-4-101(1)(a) and (b)(ii), which define "attempt," in part, as "engag[ing] in conduct constituting a substantial step toward commission of the crime; and . . . when causing a particular result is an element of the crime, . . . act[ing] with an awareness that [the offender's] conduct is reasonably certain to cause that result." Moreover, Marin-Gonzales asserts, Utah Code Ann. § 76-4-101(1)(b)(ii)'s definition of attempt incorporates language that "is simply a restatement of the Utah definition of

5

'recklessness.'" Pet. Br. 15. Thus, Marin-Gonzales insists, "Utah's attempt statute can be violated on a 'reckless' mens rea also." *Id.*

We reject this argument for two reasons. First, even assuming that Utah's attempt statute *generally* leaves room for reckless conduct, Marin-Gonzales was convicted of attempting to commit a *specific* offense: public-assistance fraud. *Cf. United States v. Castro-Gomez*, 792 F.3d 1216, 1218, 1220 (10th Cir. 2015) (viewing state statute criminalizing substantive offense "in tandem" with state statute defining attempt to determine, for purposes of crime-of-violence inquiry, elements of defendant's crime of conviction). Thus, to invoke the language of Utah Code Ann. § 76-4-101(1)(b)(ii)—which applies only "when causing a particular result is an element of the crime"—Marin-Gonzales must first demonstrate that "causing a particular result is an element of" public-assistance fraud. If not, then one can only commit attempted public-assistance fraud by "engag[ing] in conduct constituting a substantial step toward commission of th[at] crime; and . . . intend[ing] to commit th[at] crime," Utah Code Ann. § 76-4-101(1)(a), (b)(i), thus rendering Utah Code Ann. § 76-4-101(1)(b)(ii)'s alternative definition of attempt irrelevant to our inquiry.

But Marin-Gonzales' opening brief neither (1) asserts that public-assistance fraud has as an element "causing a particular result," Utah Code. Ann. § 76-4-101(1)(b)(ii); nor (2) cites any legal authorities that might support that proposition. Nor does Marin-Gonzales attempt to make this showing in her reply brief—even after the government expressly argues in its response brief that "a particular result is [not] an element of" public-assistance fraud. Resp. Br. 18. Accordingly, we could find this

6

argument inadequately briefed and decline to consider it. *See* Fed. R. App. P. 28(a)(8)(A) (requiring argument section of appellant's brief to contain "appellant's contentions and the reasons for them, with citations to the authorities . . . on which the appellant relies"); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (explaining that we routinely decline to address arguments that fail to comply with these requirements).

Alternatively, even if we (1) overlooked these briefing deficiencies and (2) assumed that one could commit attempted public-assistance fraud by "engag[ing] in conduct constituting a substantial step toward commission of the crime; and . . . act[ing] with an awareness that [the offender's] conduct is reasonably certain to cause [a particular] result," Utah Code. Ann. § 76-4-101(1)(a), (b)(ii), Marin-Gonzales is incorrect that this language equates with Utah's definition of reckless conduct. Instead, as the government points out, this language tracks almost perfectly with Utah's definition of knowing conduct. *Compare* Utah Code Ann. § 76-2-103(3) ("A person engages in conduct . . . [r]ecklessly with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur."), *with id.* § 76-2-103(2) ("A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result."). Thus, we reject Marin-Gonzales assertion that the language of Utah Code Ann. § 76-4-101(1)(b)(ii)—even assuming it could be invoked to charge someone with

7

attempted public-assistance fraud—would make recklessness an element of that offense.

Marin-Gonzales also advances a second, alternative argument. She asserts that if she instead pleaded guilty to attempted public-assistance fraud under Utah Code Ann. § 76-4-101(1)(b)(i)'s definition of attempt, which requires that an offender "intend[] to commit the [underlying] crime," Utah Code Ann. § 76-4-101(1)(b)(i), then she didn't plead guilty to a CIMT because (1) the elements of that offense might include intending to recklessly fail to disclose a material fact, *see* Utah Code Ann. § 76-4-101(1)(b)(i); Utah Code Ann. § 76-8-1203(1)–(2), and (2) the concept of "intentionally reckless[] or recklessly intentional conduct[] is a legal nullity," Pet. Br. 16.

In support, Marin-Gonzales cites *Knapik v. Ashcroft*, 384 F.3d 84 (3d Cir. 2004). There, the Third Circuit held that the petitioner's New York conviction for attempted reckless endangerment wasn't a CIMT because "categorically speaking, the concept makes no sense. Attempt (necessarily requiring intent to commit a crime) is inconsistent with recklessness (which, by definition, implies acting without intent)." *Id.* at 92.

But it's precisely because this "concept makes no sense," *id.*, that the BIA deduced here that the offense Marin-Gonzales pleaded guilty to has as an element intentionally or knowingly failing to disclose a material fact, as opposed to recklessly failing to do so. The BIA reasoned that "because [Marin-Gonzales] was convicted for

8

an attempt to commit public[-]assistance fraud, she necessarily acted either knowingly or intentionally as one cannot logically attempt to be reckless." R. 5.

Marin-Gonzales suggests that even though "one cannot logically attempt to be reckless," *id.*, "many state statutes engage in this fiction," Pet. Br. 16. We don't necessarily disagree. For instance, it appears that New York "engage[d] in this fiction," *id.*, when it allowed the petitioner in *Knapik* to plead guilty "to the crime of attempted reckless endangerment." 384 F.3d at 86.

The problem is that Marin-Gonzales makes no effort to demonstrate that *Utah* "engage[s] in this fiction." Pet. Br. 16. That is, Marin-Gonzales doesn't point to any evidence that *she* pleaded guilty to attempted reckless public-assistance fraud. Nor does she identify any other instances in which Utah has applied Utah Code Ann. § 76-4-101(1)(b)(i) and Utah Code Ann. § 76-8-1203(1)–(2) to charge someone with or convict someone of attempted reckless public-assistance fraud. Thus, she hasn't "established that there is a realistic probability that [Utah Code Ann. § 76-4-101(1)(b)(i) and Utah Code Ann. § 76-8-1203(1)–(2)] would be applied to reach conduct that is not a crime involving moral turpitude"—i.e., "to reach [reckless] conduct." *Rodriguez-Heredia*, 639 F.3d at 1267; *see also id.* (explaining that to make this showing, petitioner "must at least point to his [or her] own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he [or she] argues" (quoting *Duenas-Alvarez*, 549 U.S. at 193)).

9

Because Marin-Gonzales fails to make this showing, she fails to demonstrate that her conviction for attempted public-assistance fraud isn't a CIMT. Accordingly, we deny her petition.

Entered for the Court


Nancy L. Moritz
Circuit Judge